J-S48038-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LAVINCE J. PATE, | |
| Appellant | No. 191 MDA 2014 |

Appeal from the Order January 23, 2014
in the Court of Common Pleas of Dauphin County
Criminal Division at No.: CP-22-CR-0002793-2008

BEFORE: DONOHUE, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED AUGUST 21, 2014**

Appellant, Lavince J. Pate, appeals *pro se* from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely. We affirm.

On November 19, 2009, a jury found Appellant guilty of possession with intent to deliver a controlled substance, unlawful possession of drug paraphernalia, and firearms not to be carried without a license.[1] His conviction stems from a traffic stop that took place on April 4, 2008, during which police seized crack cocaine, a digital scale, and a firearm from under

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(30), (32), and 18 Pa.C.S.A. § 6106(a)(1), respectively.

the front passenger seat, where Appellant had been sitting. On January 20, 2010, the trial court held a sentencing hearing and determined that imposition of the five-year mandatory minimum sentence[2] was appropriate based on its "find[ing] for the record that absolutely the firearms were within the vicinity of the drugs." (N.T. Sentencing, 1/20/10, at 7; *see also id.* at 3-4, 8-9). The court sentenced Appellant to an aggregate term of not less than five nor more than ten years' incarceration. Appellant filed a direct appeal, and this Court affirmed the judgment of sentence on October 21, 2010. (*See Commonwealth v. Pate*, 15 A.3d 537 (Pa. Super. 2010) (unpublished memorandum)). Our Supreme Court denied his petition for allowance of appeal on February 17, 2011. (*See Commonwealth v. Pate*, 14 A.3d 826 (Pa. 2011)).

On March 27, 2012, Appellant filed a PCRA petition, which the PCRA court denied on August 24, 2012. Appellant appealed, and this Court affirmed the PCRA court's order on June 11, 2013. (*See Commonwealth v. Pate*, 82 A.3d 459 (Pa. Super. 2013) (unpublished memorandum)).

On August 14, 2013, Appellant, acting *pro se*, filed the instant PCRA petition, claiming that his sentence is illegal based on the United States Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013) (holding that, to comply with dictates of Sixth Amendment,

---

[2] *See* 42 Pa.C.S.A. § 9712.1.

facts that increase mandatory minimum sentence are elements of offense and must be submitted to jury and proven beyond reasonable doubt).[3] (*See* PCRA Petition, 8/14/13, at 3, 7). On August 29, 2013, the PCRA court issued notice of its intention to dismiss the PCRA petition without a hearing. *See* Pa.R.Crim.P. 907(1). Appellant did not respond. On October 1, 2013, the PCRA court dismissed the petition. However, on October 25, 2013, the court entered a memorandum opinion stating its intention to vacate the October 1, 2013 order, and directed the Commonwealth to file a response.[4] On November 4, 2013, the court entered an order vacating the October 1, 2013 order. The Commonwealth filed a response on December 16, 2013. On December 26, 2013, Appellant filed a supplemental PCRA petition. On December 31, 2013, the court entered a memorandum opinion and Rule 907

---

[3] The *Alleyne* Court overruled previous precedent because, prior to the decision, state legislatures were free to delegate fact-finding authority relative to mandatory minimum sentences to sentencing judges. *See Alleyne*, *supra* at 2155; *see also Commonwealth v. Hanson*, 82 A.3d 1023, 1039-40 (Pa. 2013).

[4] It appears that the PCRA court took this action in order to consider this Court's decision in *Commonwealth v. Munday*, 78 A.3d 661 (Pa. Super. 2013), which was filed on October 10, 2013. (*See* Trial Court Opinion, 12/31/13, at 2-4, 6). The *Munday* court considered *Alleyne* in the context of a **direct appeal**, and determined that the appellant's sentence could not stand because the facts necessary for imposition of the mandatory minimum sentence were not determined by the factfinder to have been proven beyond a reasonable doubt. *See Munday*, *supra* at 662, 666.

notice of its intent to dismiss the petition.  On January 23, 2014, the court

entered its order dismissing the PCRA petition.  This timely appeal followed.[5]

Appellant raises the following issues for our review:

1.     Did the [PCRA] [c]ourt erred [sic] in applying the mandatory minimum where the factors that support the imposition of 42 Pa.C.S. § 9712.1 where [sic] not submitted to the jury[?]

2.     Is 42 Pa.C.S. § 9712.1 facially invalid[?]

3.     Whether the [PCRA] [c]ourt is incorrect and inaccurate in its decision that **Alleyne v. [UNITED] STATES**, 133 S.Ct. 2151 (2013), is not to be applied retroactively[?]

(Appellant's Brief, at 5).

Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013)

(citations and quotation marks omitted).

Before we may consider the merits of Appellant's claim, we must

consider whether this appeal is properly before us.

A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of

_____

[5] The PCRA court ordered Appellant to file a Rule 1925(b) statement of errors, and he timely complied on February 24, 2014.  The court filed a Rule 1925(a) opinion on March 12, 2014.  **See** Pa.R.A.P. 1925.

sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (case citations and footnote omitted).

In this case, Appellant's judgment of sentence became final on May 18, 2011, when his time to file a petition for writ of *certiorari* with the United States Supreme Court expired. *See* U.S. Sup. Ct. R. 13; 42 Pa.C.S.A. § 9545(b)(3). Because Appellant filed the instant petition on August 14, 2013, it is untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Section 9545 of the PCRA provides only three limited exceptions that allow for review of an untimely PCRA petition:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at § 9545(b)(1)(i)-(iii). "If the [PCRA] petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." ***Commonwealth v. Jackson***, 30 A.3d 516, 519 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (citation omitted). In addition, a PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Here, Appellant claims the benefit of the exception at 42 Pa.C.S.A. § 9545(b)(1)(iii), alleging a newly-recognized, retroactively-applied constitutional right to relief predicated on the United States Supreme Court's decision in ***Alleyne***, ***supra***. (***See*** Appellant's Brief, at 11, 14-15).[6] We disagree.

Initially, we note that the exception set forth in section 9545(b)(1)(iii) applies only where "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

_____

[6] The United States Supreme Court decided ***Alleyne*** on June 17, 2013, and Appellant filed the instant PCRA petition fifty-eight days later, on August 14, 2013. ***See*** 42 Pa.C.S.A. § 9545(b)(2).

- 6 -

of Pennsylvania after the time period provided in this section and **has been held by that court to apply retroactively**." 42 Pa.C.S.A. § 9545(b)(1)(iii) (emphasis added).

> Subsection (iii) of section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or th[e Pennsylvania] Supreme Court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Commonwealth v. Garcia*, 23 A.3d 1059, 1063 (Pa. Super. 2011), *appeal denied*, 38 A.3d 823 (Pa. 2012) (citations omitted).

In the instant case, although Appellant claims the applicability of section 9545(b)(1)(iii) based on *Alleyne*, the United States Supreme Court has not held that *Alleyne* applies retroactively to cases on collateral review. Thus, Appellant has failed to prove "that there is a new constitutional right and that the right has been held by that court to apply retroactively." *Garcia*, *supra* at 1063 (citations and quotation marks omitted). Accordingly, Appellant has not met his burden of proving his untimely petition fits within one of the three exceptions to the PCRA's jurisdictional time-bar. *See Jones*, *supra* at 17. The PCRA court properly dismissed

Appellant's second petition as untimely with no exception to the time-bar pleaded or proven.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/21/2014