**COMMONWEALTH of Pennsylvania, Appellee**

**v.**

**Herbert MUNDAY, Appellant.**

Superior Court of Pennsylvania.

Argued July 23, 2013.

Filed Oct. 10, 2013.

J. Michael Farrell, Philadelphia, for appellant.

James F. Gibbons, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: BENDER, J., PANELLA, J., and FITZGERALD, J.*

OPINION BY BENDER, J.

Appellant, Herbert Munday, appeals from the judgment of sentence of an aggregate term of 5–10 years' incarceration imposed following his conviction for drug and firearm offenses. In light of the Supreme Court of the United States' recent holding in *Alleyne v. United States*, —— U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), Appellant argues the imposition of a mandatory minimum term of 5 years' incarceration pursuant to 42 Pa.C.S. § 9712.1 constitutes an illegal sentence because the facts necessary for imposition of the mandatory minimum were not established beyond a reasonable doubt. After

* Former Justice specially assigned to the Superior Court.

careful review, we vacate the judgment of sentence and remand for resentencing.

The trial court summarized the facts underlying Appellant's conviction as follows:

Appellant's convictions stem from his involvement in drug sales occurring on May 28, 2008. After receiving information from a concerned resident that drugs were being sold out of a residence located at 2844 North Bailey Street, Police Officer Cain, Officer Campbell, Officer Cuffie[,] and Officer McCook set up surveillance on the 2800[b]lock of Bailey Street and arranged a controlled drug buy with a confidential informant (CI). While on surveillance on May 20, 2008, the CI was searched for U.S. currency and contraband and then given a single (1) $20 bill of pre-recorded buy money. The CI knocked on the door of 2844 Bailey Street. The door was opened by a black male. The CI entered the property for approximately three minutes and returned to Officer Cuffie with two (2) orange packets containing an off-white chunky substance that was later tested positive for a cocaine base. A second surveillance was conducted on May 21, 2008 on the 2800 block of Bailey Street. The same CI conducted another controlled drug purchase from 2844 Bailey Street and returned to Officer Cuffie with two (2) orange-tinted packets [of] an off-white chunky substance which later tested positive for a cocaine base. On May 28, 2008 a third surveillance and controlled drug buy was conducted. At [6:00 p.m.,] the CI was approached by ... Appellant outside of 2844 Bailey Street. Officer Cain observed Appellant engage in conversation with the CI and accept the pre-recorded buy money. The Appellant entered the property and after approximately 2 minutes returned outside and handed the CI several small items. The CI retuned to Officer Campbell with two pink-tinted packets that tested positive for a cocaine base. On May 28, 2008 at 9:45 p.m.[,] a search warrant was executed on the premises of 2844 Bailey Street. Officers recovered: one (1) black Ruger .44 gun, one (1) Springfield 30–06 rifle, one (1) MI rifle, a ballistic bulletproof vest, a letter addressed to the Appellant, $17 U.S. currency, and new and unused drug paraphernalia consisting of yellow, blue and orange packets. No drugs were found on [the] premises.

Trial Court Opinion, 8/2/12, at 1–2.

Following Appellant's arrest, the Commonwealth charged him by criminal information with: 1) delivery of a controlled substance (cocaine), 35 P.S. § 780–113(a)(30); 2) person not to possess firearms, 18 Pa.C.S. § 6105; 3) possessing instruments of crime, 18 Pa.C.S. § 907; and 4) possession of a controlled substance (cocaine), 35 P.S. § 780–113(a)(16). In the criminal information, the Commonwealth gave notification of its intent to pursue a mandatory minimum sentence under 42 Pa.C.S. § 9712.1 (sentences for certain drug offenses committed with firearms). Appellant's non-jury trial commenced and ended on July 13, 2010. The trial court convicted Appellant on all counts. Sentencing was postponed to allow for the preparation of a presentence investigation report.

The sentencing hearing was subsequently held on November 2, 2010. At count 1, the trial court imposed a 5–year mandatory minimum sentence pursuant to 42 Pa. C.S. § 9712.1. At count 2, the trial court sentenced Appellant to a concurrent term of 1–2 years' incarceration. Likewise, at count 3, Appellant was sentenced to a concurrent term of 1–2 years' incarceration. Appellant's sentence at count 4 merged with his sentence at Count 1. Thus, the

trial court sentenced Appellant to an aggregate term of 5–10 years' incarceration.

Appellant filed a timely notice of appeal on November 8, 2010. After Appellant filed a *pro se* docketing statement, we remanded, by order dated January 5, 2011, to determine if Appellant had been abandoned by trial counsel. On April 29, 2011, the trial court permitted Appellant's trial counsel to withdraw and then appointed Appellant's current counsel. The trial court filed its Pa.R.A.P. 1925(a) opinion on August 7, 2012, wherein it found Appellant had waived any claims for appellate review because current counsel had failed to file a timely Pa.R.A.P. 1925(b) concise statement. Appellant filed a motion with this Court seeking remand for the filing of a concise statement. By order dated November 7, 2012, we granted Appellant's motion, providing him with 21 days to file a concise statement and ordering the trial court to file a responsive opinion pursuant to Pa.R.A.P. 1925(a). Appellant complied by filing a concise statement with the trial court on November 28, 2012, however, by that time the trial court judge, The Honorable Willis W. Berry, had retired from the Court of Common Pleas. Consequently, the only trial court opinion of record in this matter was the one Judge Berry issued on August 7, 2012.

In Appellant's initial Brief, he presented a single issue for our review. Appellant claimed there was insufficient evidence to apply the mandatory minimum sentence imposed pursuant to 42 Pa.C.S. § 9712.1. During Appellant's oral argument, his counsel advised this Court of the recent United States Supreme Court decision in *Alleyne,* which had been decided only days prior to the submission of Appellant's Brief. Appellant requested, and we granted him, permission to file a Supplemental Brief to address the applicability of *Alleyne* in the instant matter. In Appellant's Supplemental Brief, he presents the following claim for our review:

> Whether the trial court's imposition of the mandatory minimum sentence of five to ten years on the charge of delivery/possession with the intent to deliver a controlled substance pursuant to 42 Pa.C.S. § 9712.1 was unlawful for the reason that in acting as the factfinder at Appellant's non-jury trial, the court did not find the facts necessary for imposition of the mandatory minimum beyond a reasonable doubt at trial as required by the Supreme Court's recent ruling in *Alleyne v. United States* [—— U.S. ——], 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013)?

Appellant's Supplemental Brief, at 1.

"A challenge to the legality of the sentence may be raised as a matter of right, is non-waivable, and may be entertained so long as the reviewing court has jurisdiction." *Commonwealth v. Robinson,* 931 A.2d 15, 19–20 (Pa.Super.2007) (*en banc*). The phrase 'illegal sentence' is a term of art in Pennsylvania Courts that is applied to three narrow categories of cases. *Id.* at 21. Those categories are: "(1) claims that the sentence fell 'outside of the legal parameters prescribed by the applicable statute'; (2) claims involving merger/double jeopardy; and (3) claims implicating the rule in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)." *Id.* The instant case falls into the latter category.

In *Apprendi,* the Supreme Court of the United States held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348. Stated another way, it "is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the pre-

scribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt." *Id.* (quoting *Jones v. United States,* 526 U.S. 227, 252–53, 119 S.Ct. 1215, 143 L.Ed.2d 311, (1999) (Stevens, J. concurring)).

Prior to *Apprendi,* in *McMillan v. Pennsylvania,* 477 U.S. 79, 80, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), the Supreme Court of the United States considered a constitutional challenge to a previous version of the statute at issue in this case, 42 Pa.C.S. § 9712. The portion of the statute at issue in *McMillan* is not dissimilar to the portion of 42 Pa.C.S. § 9712.1 before us today: the prior version of the statute mandated "that anyone convicted of certain enumerated felonies is subject to a mandatory minimum sentence of five years' imprisonment if the sentencing judge finds, by a preponderance of the evidence, that the person 'visibly possessed a firearm' during the commission of the offense." *McMillan,* 477 U.S. at 81, 106 S.Ct. 2411. The *McMillan* court considered, *inter alia,* whether that provision was unconstitutional pursuant to "the Due Process Clause of the Fourteenth Amendment and the jury trial guarantee of the Sixth Amendment." *Id.* at 80, 106 S.Ct. 2411. The High Court held that it was not unconstitutional because the provision expressly made visible possession of a firearm a sentencing factor rather than an element of the underlying offense. Thus, the Court concluded, because it was not an element of the offense, the Constitution did not require visible possession of the firearm to be proven beyond a reasonable doubt. *Id.* at 91, 106 S.Ct. 2411.

In light of its holding in *Apprendi,* the Supreme Court of the United States revisited the *McMillan* decision in *Harris v. United States,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002). The statute at issue in *Harris* involved an increase in the minimum sentence if, at sentencing, it was determined that the defendant brandished a firearm during the commission of the underlying offense. The *Harris* Court concluded that judicial factfinding that increased the minimum sentence to be imposed, but did not increase the sentence beyond the statutory maximum, was permissible under the Sixth Amendment. *Harris,* 536 U.S. at 567–68, 122 S.Ct. 2406. Premised upon the *McMillan, Apprendi,* and *Harris* decisions, this Court had previously held that judicial factfinding of sentencing factors giving rise to a mandatory minimum sentence imposed in accordance with 42 Pa.C.S. § 9712.1 is not violative of either the United States or Pennsylvania Constitutions' right to trial by jury. *See Commonwealth v. Nguyen,* 834 A.2d 1205, 1208 (Pa.Super.2003) ("Appellate case law has routinely held that the sentencing trigger is not an element of the offense but rather only a factor that does not improperly deny the jury the right to make relevant factual determinations.").

This term, in *Alleyne,* the United States Supreme Court expressly overruled *Harris,* holding that any fact that increases the mandatory minimum sentence for a crime "is 'an element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne,* 133 S.Ct. at 2155, 2163. The *Alleyne* majority reasoned that "[w]hile *Harris* limited *Apprendi* to facts increasing the statutory maximum, the principle applied in *Apprendi* applies with equal force to facts increasing the mandatory minimum." *Alleyne,* 133 S.Ct. at 2160. This is because "[i]t is impossible to dissociate the floor of a sentencing range from the penalty affixed to the crime[,]" and "it is impossible to dispute that facts increasing the legally prescribed floor aggravate the punishment." *Id.* at 2161. Thus, "[t]his reality demonstrates that the core crime and the fact triggering the

mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to the jury." *Id.*

Turning to the instant case, Appellant was subjected to the mandatory minimum sentence provided for in 42 Pa.C.S. § 9712.1, the current manifestation of the mandatory minimum sentencing statute at issue in *McMillan.* Section 9712.1 provides, in pertinent part, as follows:

(a) **Mandatory sentence.**—Any person who is convicted of a violation of section 13(a)(30) of [35 P.S. § 780–113], known as The Controlled Substance, Drug, Device and Cosmetic Act, when at the time of the offense the person or the person's accomplice is in physical possession or control of a firearm, whether visible, concealed about the person or the person's accomplice or within the actor's or accomplice's reach or in close proximity to the controlled substance, shall likewise be sentenced to a minimum sentence of at least five years of total confinement.

. . .

(c) **Proof at sentencing.**—Provisions of this section shall not be an element of the crime, and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

42 Pa.C.S. § 9712.1 (footnote omitted).

■ Presuming the trial court followed the dictates of section 9712.1(c) (and we have no reason to presume otherwise), the determination of whether Appellant, "at the time of the offense[,][was] in physical possession or control of a firearm" under section 9712.1(c) was treated as a 'sentencing factor' and not 'an element' of the underlying drug offense. As such, the trial court was only required to make such a finding based upon a preponderance of the evidence rather than based upon proof beyond a reasonable doubt. *Commonwealth v. Allen,* 508 Pa. 114, 494 A.2d 1067, 1070 (1985) (providing that when a sentencing factor "is not an element of the offense . . . [it only] requires proof of the sentencing factor by a preponderance of the evidence"). However, *Alleyne* undeniably establishes, despite our legislature's express statutory language to the contrary in this instance, that when a mandatory minimum sentence is under consideration based upon judicial factfinding of a 'sentencing factor,' that 'sentencing factor' is, in reality, "an element of a distinct and aggravated crime" and, thus, requires it be proven beyond a reasonable doubt. *Alleyne,* 133 S.Ct. at 2163.

■ Appellant has not presented us with the question, and we decline to address, *sua sponte,* whether section 9712.1 is facially invalid in light of *Alleyne.* Nevertheless, we conclude that the imposition of the mandatory sentencing provision of 42 Pa.C.S. § 9712.1 in this case violated the rule in *Apprendi* as interpreted by *Alleyne.* Because the 'sentencing factor' at issue was not determined by the factfinder to have been proven beyond a reasonable doubt, Appellant's sentence violated the Due Process Clause of the Fourteenth Amendment and the jury trial guarantee of the Sixth Amendment. Accordingly, we vacate the judgment of sentence and remand for resentencing.

Judgment of sentence *vacated.* Case *remanded* for resentencing. Jurisdiction *relinquished.*