J-A23034-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
                                      :               PENNSYLVANIA
                Appellee       :
                                        :
                 v.            :
                                        :
LONNIE SNOW,                   :
                                        :
              Appellant     :          No. 803 WDA 2013

Appeal from the Judgment of Sentence entered on August 20, 2012
in the Court of Common Pleas of Allegheny County,
Criminal Division, No. CP-02-CR-0002369-1999

BEFORE:  DONOHUE, ALLEN and MUSMANNO, JJ.

JUDGMENT ORDER BY MUSMANNO, J.:           **FILED AUGUST 11, 2014**

Lonnie Snow ("Snow") appeals from the judgment of sentence entered following his conviction of possession of a controlled substance and possession with the intent to deliver a controlled substance.  ***See*** 35 P.S. § 780-113(a)(16), (30).  We vacate the judgment of sentence and remand for resentencing.

A jury found Snow guilty of the above-described offenses, after which the Commonwealth filed its Notice of intent to seek a mandatory minimum sentence, pursuant to 18 Pa.C.S.A. § 7508.  At sentencing, the trial court utilized Section 7508's mandatory minimum sentence when it sentenced Snow to a prison term of 8½ to 17 years for his conviction of possession with intent to deliver.  The trial court imposed this sentence in order to disqualify Snow from eligibility for a minimum sentence under the Recidivism

Risk Reduction Incentive Act ("RRRI"), 61 Pa.C.S.A. § 4505. Snow filed post-sentence Motions, which were denied by operation of law. Thereafter, Snow filed the instant timely appeal.

On appeal, Snow challenges the legality of his sentence. Snow claims that the trial court's sentence violated the United States Supreme Court's holding in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), as applied by this Court in *Commonwealth v. Mundy*, 78 A.3d 661 (Pa. Super. 2013). Pursuant to *Alleyne*, any fact that increases the mandatory minimum sentence for a crime is an element that must be submitted to the jury, and found beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2160; *accord*, *Mundy*, 78 A.3d at 665. The Commonwealth agrees with Snow's contention.

Here, the trial court violated *Alleyne* when, at sentencing, it found Snow eligible for imposition of a mandatory minimum sentence under Section 7508, but then sentenced Snow in a manner that rendered him ineligible for a reduced minimum sentence under the RRRI. Because the trial court's sentence violates *Alleyne* and *Mundy*, we vacate the judgment of sentence and remand for resentencing.

Judgment of sentence vacated; case remanded for resentencing in accordance with *Alleyne* and *Mundy*; Superior Court jurisdiction relinquished.

J-A23034-14

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/11/2014