J-S41044-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL DENNIS | |
| Appellant | No. 2961 EDA 2013 |

Appeal from the Judgment of Sentence April 1, 2013
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0004749-2011

BEFORE: BOWES, J., DONOHUE, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.:                    **FILED AUGUST 27, 2014**

Appellant, Michael Dennis, appeals from the April 1, 2013 aggregate judgment of sentence of 21 to 42 years' imprisonment, imposed after a jury found him guilty of six counts of possession with the intent to deliver (PWID), two counts of criminal use of a communication facility, and one count each of dealing in proceeds of unlawful activities/corrupt organizations, and criminal conspiracy.[1] After careful review, we vacate and

_____

[1] 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. §§ 7512, 5111(a), 911, and 903(a), respectively.

remand for resentencing, in all other aspects we affirm Appellant's judgment of sentence.[2]

The trial court has summarized the relevant facts and procedural history as follows.

> From April of 2011, through May of 2011, the Montgomery County Detective Bureau, along with the Tredyffrin Township Police Department, conducted a wiretap investigation and utilized video surveillance, uncovering a large and sophisticated cocaine distribution ring. The drug ring was centrally operated out of A & L Head's Up Hair Studio at 932 Upper Gulph Road, …. Appellant was convicted for his major role in the drug distribution organization.
>
> On January 4, 2013, a hearing on pretrial motions filed by Appellant and his two co-defendants, Patrick Wedderburn and Karl Myers, was conducted. Subsequently, on January 7, 2013, the three-defendant jury trial commenced, at the conclusion of which Appellant was found guilty of the aforementioned charges.

Trial Court Opinion, 1/10/14 at 1-2 (internal citation omitted).

On March 25, 2013, the Commonwealth filed its notice, pursuant to 18 Pa.C.S.A. § 7508, of intent to seek the mandatory minimum sentence on each of the six counts of PWID. On April 1, 2013, the trial court sentenced Appellant to an aggregate term of 21 to 42 years' imprisonment.[3]

_____

[2] We note Appellant's co-defendants, Patrick Wedderburn and Karl Myers, have appeals pending at 1372 EDA 2013 and 3243 EDA 2013, respectively.

[3] Specifically, the trial court sentenced Appellant as follows. On count 1, corrupt organizations, 1-2 years; count 3, PWID, 4-8 years concurrent to
*(Footnote Continued Next Page)*

Thereafter, on April 10, 2013, Appellant filed a timely post-sentence motion to reconsider sentence. On September 4, 2013, the trial court denied Appellant's post-sentence motion. On October 3, 2013, Appellant filed a timely notice of appeal.[4]

On appeal, Appellant raises the following issues for our review.

> [1.] Did the trial court commit legal error when it imposed a mandatory minimum sentence under 18 Pa.C.S.A. § 7508 on [Appellant] where a jury did not make a finding beyond a reasonable doubt regarding the amount of narcotics involved in [Appellant]'s PWID offense(s), and where that statute is unconstitutional?
>
> [2.] Did the trial court commit legal error when it imposed a maximum sentence in excess of ten years under 35 P.S. § 780-115, for PWID cocaine, where [Appellant] was never convicted of PWID or an equivalent offense

*(Footnote Continued)* _____

count 1; count 5, dealing in proceeds of unlawful activities, 1-2 years concurrent to count 3; count 6, PWID, 7-14 years consecutive to count 3; count 7, PWID, 7-14 years consecutive to count 6; count 10 PWID, 7-14 years concurrent to count 3; count 11, criminal use of a communication facility, 1-2 years concurrent to count 3; count 13, PWID, 7-14 years concurrent to count 3; count 14, criminal use of a communication facility, 1-2 years concurrent to count 3; count 16, PWID, 7-14 years concurrent to count 3; and finally count 17 criminal conspiracy, 6-12 years concurrent to count 3. On each of the six PWID counts the trial court imposed the mandatory minimum sentence pursuant to Section 7508. We note that the trial court calculated Appellant's aggregate judgment of sentence at 18 to 36 years' imprisonment. However, Appellant's actual aggregate judgment of sentence is 21 to 42 years' imprisonment. Based on our disposition in the instant matter, vacating Appellant's judgment of sentence, we need not remand to correct said error.

[4] Appellant and the trial court have complied with Pa.R.A.P. 1925.

prior to the commission of the offenses for which he was sentenced in this case in violation of this Court's decision in ***Commonwealth v. Camperson***, 650 A.2d 65 (Pa. Super. 1994)?

[3.] Did the trial court abuse its discretion when it denied [Appellant]'s motion for a mistrial made after the prosecutor introduced evidence that mail addressed to [Appellant] at a business was recovered from that business along with 1.8 kilograms of cocaine despite the fact that said evidence was never disclosed to [Appellant] prior to its introduction into evidence?

[4.] Did the trial court abuse its discretion where:

(a) it held in abeyance and then denied [Appellant]'s objection to the extended, prejudicial and irrelevant use of an exhibit, … during closing arguments in a PWID, conspiracy and corrupt organization case which stated that [Appellant] and other alleged co-conspirators were involved in an extended telephone conversation "about someone being murdered" where the conversation was about a news item which the co-conspirators were in no way involved and where the slide was left up in the jury's view for more than 10 minutes …?

(b) it denied [Appellant]'s motion for a mistrial made after the prosecutor's extended use of that exhibit during closing arguments?

[5.] With respect to the sentence imposed upon []Appellant by the trial court, did that court abuse its discretion by imposing an aggregate sentence of not less than 18 years, nor more than 36 years, of incarceration upon the 37

year-old []Appellant who had never been convicted of a felony offense where:

(a) the trial court imposed sentences which are unreasonable under the circumstances of the case and outside the sentencing guidelines; and,

(b) the trial court imposed sentences which are within the sentencing guidelines but the application of the guidelines is clearly unreasonable under the circumstances of the case?

Appellant's Brief at 5-6.

In his first issue, Appellant asserts that the sentences on counts 3, 6, 7, 10, 13 and 16, imposing a mandatory minimum pursuant to 18 Pa.C.S.A. § 7508 for each count of PWID, without submitting the question of the weight of the cocaine to the jury for a finding of fact, renders his sentence illegal in accordance with the United States Supreme Court decision in **Alleyne v. United States**, 133 S. Ct. 2151 (2013). **Id.** at 19. Appellant notes that in "interpreting **Alleyne**, this Court explained that **Alleyne** holds 'that any fact that increases the mandatory minimum sentence for a crime is 'an element' that must be submitted to the jury and found beyond a reasonable doubt.'" **Id.**, quoting **Commonwealth v. Munday**, 78 A.3d 661, 665 (Pa. Super. 2013), citing **Alleyne**, **supra** at 2163. Appellant further argues that this Court in **Commonwealth v. Watley**, 81 A.3d 108 (Pa. Super. 2013) (en banc), appeal denied, --- A.3d ---, 1033 MAL 2013 (Pa. 2014), "identified [Section] 7508 as an example of a statute that was

rendered unconstitutional by **Alleyne**." Appellant's Brief at 19-20. Appellant also asserts that "**Watley** held that **Alleyne** is retroactively applicable to cases on direct appeal, [therefore] **Alleyne** (as interpreted by this Court in **Munday** and **Watley**) is controlling authority in this matter." **Id.** at 20. As a result, Appellant argues the sentences on counts 3, 6, 7, 10, 13, and 16, imposed pursuant to Section 7508, are illegal and must be vacated.[5] **Id.**

As a preliminary matter, we first address Appellant's assertion that **Alleyne** applies retroactively to Appellant's sentence. Appellant was convicted on January 7, 2013, and sentenced on April 1, 2013. Appellant then filed a timely post-sentence motion on April 10, 2013. While Appellant's post-sentence motion was pending before the trial court, the United States Supreme Court decided **Alleyne** on June 17, 2013. The trial court did not address **Alleyne** in its September 4, 2013 denial of Appellant's post-sentence motion. Accordingly, the first opportunity for Appellant to

---

[5] We note that Appellant's statement of questions raised on appeal states he also challenges the constitutionality of Section 7508. A review of Appellant's brief, however, reveals that Appellant fails to develop this claim, constraining his argument to the legality of his sentence imposed. Appellant's Brief at 19-20. Accordingly, we decline to address Appellant's constitutional argument. **See Commonwealth v. Antidormi**, 84 A.3d 736, 754 (Pa. Super. 2014) (stating where "[an a]ppellant has cited no legal authorities nor developed any meaningful analysis, [this Court will] find [such an] issue waived for lack of development[]") (citation omitted); **see also Watley**, **supra**, at 117 (holding "[t]he constitutionality of a statue can be waived[]") (citation omitted).

raise a claim that his sentence was illegal pursuant to *Alleyne* was on direct appeal.

It is well settled that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). However, this Court has held that a legality of sentence claim is a non-waivable claim. ***Commonwealth v. Tanner***, 61 A.3d 1043, 1046 (Pa. Super. 2013) (stating that "challenges to an illegal sentence can never be waived and may be reviewed *sua sponte* by this Court[]") (citation omitted). Further the *Watley* Court explicitly recognized that because "this Court may … address a sentence based on its illegality, and, based on existing precedent, an *Alleyne* claim can present a legality of sentence issue, we address [Watley]'s mandatory minimum sentence." *Watley*, *supra* at 118. Appellant's sentence herein implicates a similar mandatory minimum sentencing scheme as that raised in *Watley*, therefore, review of Appellant's claim is properly before us.[6]

_____

[6] The *Watley* Court was faced with a challenge to 42 Pa.C.S.A. §9712.1, whereas in the instant matter Appellant challenges the mandatory minimum applied pursuant to 18 Pa.C.S.A. § 7508. Nevertheless, the *Watley* Court noted the effect of *Alleyne* on mandatory minimum sentencing statutes in Pennsylvania.

> The *Alleyne* decision, therefore, renders those Pennsylvania mandatory minimum sentencing statutes that do not pertain to prior convictions constitutionally infirm insofar as they permit a judge

*(Footnote Continued Next Page)*

We turn now to Appellant's claim that his sentence is illegal pursuant to **Alleyne**. In **Alleyne**, the Court overruled **Harris v. United States**, 536 U.S. 545 (2002), and held "that any fact that increases the mandatory minimum is an element [of the crime] that must be **submitted to the jury**." **Alleyne**, **supra** at 2155 (emphasis added; internal quotation marks omitted). As Appellant notes, this Court in **Munday** faced a similar issue to Appellant's raised herein, to wit, that the trial court's finding of a sentencing factor by a preponderance of the evidence violated the Supreme Court's holding in **Alleyne**, and that said factor must be found beyond a reasonable doubt by a jury. **Munday**, **supra** at 664. The **Munday** Court held the appellant's sentence was illegal based on the following.

> The **Alleyne** majority reasoned that while **Harris** limited **Apprendi** to facts increasing the statutory maximum, the principle applied in **Apprendi** applies with equal force to facts increasing the mandatory minimum. This is because it is impossible to dissociate the floor of a sentencing range from the penalty affixed to the crime, and it is impossible to dispute that facts increasing the legally prescribed floor aggravate the punishment. Thus, this reality demonstrates that the core crime and the

_(Footnote Continued)_ _____

> to automatically increase a defendant's sentence based on a preponderance of the evidence standard.[4]
>
> [4] **See e.g.**, 42 Pa.C.S. § 9712(c); 42 Pa.C.S. § 9712.1(c); 42 Pa.C.S. § 9713(c); 42 Pa.C.S. § 9718(c); 42 Pa.C.S. § 9719(b); **18 Pa.C.S. § 7508(b)**; 18 Pa.C.S. § 6317(b).

**Watley**, **supra** at 117 (emphasis added).

fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to the jury.

*Id.* at 666-667 (internal citations and quotation marks omitted). Accordingly, the *Munday* Court vacated the appellant's sentence and remanded for resentencing on the basis that "*Alleyne* undeniably establishes … that when a mandatory minimum sentence is under consideration based upon judicial factfinding of a sentencing factor, that sentencing factor is, in reality, an element of a distinct and aggravated crime and, thus, requires it be proven beyond a reasonable doubt." *Id.* at 666 (internal citations and quotation marks omitted).

Instantly, Appellant argues the jury did not find beyond a reasonable doubt that he possessed the necessary amount of drugs pursuant to Section 7508 to impose a mandatory minimum sentence, but rather, the trial court concluded at sentencing that such facts existed. Appellant's Brief at 19-20. Appellant's sentence on the six counts of PWID was imposed pursuant to Section 7508, which reads in pertinent part, as follows.

**§ 7508. Drug trafficking sentencing and penalties**

**(a) General rule.--**Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:

…

(3) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance,

Drug, Device and Cosmetic Act where the controlled substance is coca leaves or is any salt, compound, derivative or preparation of coca leaves or is any salt, compound, derivative or preparation which is chemically equivalent or identical with any of these substances or is any mixture containing any of these substances except decocainized coca leaves or extracts of coca leaves which (extracts) do not contain cocaine or ecgonine shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:

> (iii) when the aggregate weight of the compound or mixture of the substance involved is at least 100 grams; four years in prison and a fine of $25,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: seven years in prison and $50,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity.

…

**(b) Proof of sentencing.--**Provisions of this section shall not be an element of the crime. Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

**(c) Mandatory sentencing.--**There shall be no authority in any court to impose on an offender to

- 10 -

> which this section is applicable a lesser sentence than provided for herein or to place the offender on probation, parole or work release or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than provided herein. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided herein. Disposition under section 17 or 18 of The Controlled Substance, Drug, Device and Cosmetic Act shall not be available to a defendant to which this section applies.

> …

18 Pa.C.S.A. § 7508.

The trial court herein, proceeded in sentencing Appellant under the statute as applicable on the date of sentencing, and concluded on the record that it found, beyond a reasonable doubt, that Appellant possessed in excess of 100 grams of cocaine, specifically, 1,800 grams of cocaine, on the dates pertaining to each of the counts of PWID. N.T., 4/1/13, at 16. Now, on appeal, the trial court, relying on **Watley**, reasons in its Rule 1925(a) opinion that based on the conclusions of the jury and the evidence presented at trial, the jury essentially found beyond a reasonable doubt the elements necessary to impose the mandatory minimum. Trial Court Opinion, 1/10/14, at 13. Specifically, the trial court reasoned as follows.

> The conclusions of the jury can be read to include that each of the possession with intent to deliver charges involved cocaine in the amount of at least a quarter-pound, i.e. 125 grams. The testimony was replete with requests for Appellant to retrieve "four, six" of cocaine from the barber shop. The expert

- 11 -

testimony of Michael Reynolds told the jury that this language refers to $4,600.00 worth of cocaine, which is equivalent to four and-a-half ounces or 125 grams. Additionally, the jury observed the video surveillance in which Appellant was seen on multiple occasions with a black bag. A similar black bag was recovered at a residence of Appellant's associate, Preston York. According to NMS lab report the black bag contained 125 grams of cocaine. Finally, at the barbershop itself, over four pounds of cocaine was recovered, which was the basis for one of Appellant's PWID convictions. Therefore, when the jury convicted Appellant of the six PWID charges beyond a reasonable doubt it did so based on evidence that the cocaine involved was 125 grams or more, the facts necessary to subject Appellant to the mandatory minimum.

*Id.* at 13-14.

Upon review, we cannot agree with the trial court's reasoning. The jury did not make any findings of fact regarding the amount of cocaine Appellant possessed as to the six counts of PWID. Rather, defense counsel stipulated at trial that as to count 16 of PWID, the weight of the drugs recovered was 1,800 grams of cocaine.[7]  N.T., 4/1/13, at 4.  On the

---

[7] We note that because Appellant conceded the fact required for the mandatory minimum, any ***Alleyne*** error in this case was rendered harmless. ***See United States v. Hunt***, 656 F.3d 906, 913 (9th Cir. 2011) (stating that an ***Apprendi*** error can be harmless "where the record contains 'overwhelming' and 'uncontroverted' evidence supporting an element of the crime[]") (citation omitted).  Based on counsel's stipulation at trial to Appellant's possession of 1,800 grams of cocaine on count 16, the mandatory minimum was properly imposed at sentencing.  Nevertheless, because count 16 was increased by Appellant's prior mandatory minimum sentences, our disposition requires us to vacate Appellant's entire judgment of sentence and remand for resentencing on all counts.

remaining five counts, no drugs were recovered, depriving Appellant of the right to have a jury conclude beyond a reasonable doubt that he possessed in excess of 100 grams of cocaine necessary to impose a mandatory minimum sentence pursuant to Section 7508(a)(3)(iii).  Accordingly, based on **Alleyne**, Appellant's sentence pertaining to the five counts of PWID at counts, 3, 6, 7, 10 and 13 are illegal.  Therefore, we vacate Appellant's judgment of sentence and remand to the trial court for resentencing.[8]

Finally, we turn to Appellant's remaining issues, three and four, presented in his appellate brief.  In both issues Appellant avers the trial court erred in denying his motion to grant a mistrial.  In reviewing Appellant's claims we are guided by the following.

"The decision to grant a mistrial is within the sound discretion of the trial court." **Commonwealth v. Johnson**, 719 A.2d 778, 787 (Pa. Super. 1998) (*en banc*) (citations and internal quotation marks omitted), *appeal denied*, 739 A.2d 1056 (Pa. 1999).

> In criminal trials, declaration of a mistrial serves to eliminate the negative effect wrought upon a defendant when prejudicial elements are injected into the case or otherwise discovered at trial.  By nullifying the tainted process of the former trial and allowing a new trial to convene, declaration of a mistrial serves not only the defendant's interest but, equally important, the public's interest in fair trials designed to end in just judgments.  Accordingly, the

---

[8] In light of our disposition in issue one we need not address Appellant's sentencing claims raised in issues two and five.

trial court is vested with discretion to grant a mistrial whenever the alleged prejudicial event may reasonably be said to deprive the defendant of a fair and impartial trial. In making its determination, the court must discern whether misconduct or prejudicial error actually occurred, and if so, … assess the degree of any resulting prejudice. …

***Commonwealth v. Judy***, 978 A.2d 1015, 1019 (Pa. Super. 2009) (citation omitted). Granting a mistrial is an extreme remedy and "is required only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial trial." ***See Johnson***, ***supra***.

In issue three, Appellant avers the trial court abused its discretion in denying his motion for a mistrial when the Commonwealth introduced evidence "that mail addressed to [Appellant] was recovered from A&L." Appellant's Brief at 23. Specifically, Appellant contends that said "evidence was not provided to [Appellant] prior to the Commonwealth's introduction of it before the jury." ***Id.***

Discovery is governed by Pennsylvania Rule of Criminal Procedure 573. As the trial court aptly notes, Rule 573(E) sets for the remedy for failure to comply with the discovery rules.

### Rule 573. Pretrial Discovery and Inspection

**(E) Remedy.** If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit discovery or inspection, may grant a continuance, **or may prohibit such party from introducing evidence not disclosed**, other than testimony of the

defendant, or it may enter such other order as it deems just under the circumstances.

…

Pa.R.Crim.P. 573(E) (emphasis added).

In the instant matter, the trial court summarized the discovery violation as follows.

> On the first day of trial, the Commonwealth called Detective Michael Carsello of the Tredyffrin Township Police Department to testify about the items recovered pursuant to a search warrant executed at A & L barber shop on May 18, 2011. During the course of the detective's testimony, the Commonwealth elicited testimony about correspondence from Aetna Health Insurance addressed to Appellant. The Commonwealth sought to introduce the correspondence as Exhibit C-18. At that juncture, defense counsel objected, stating that the evidence was not provided in discovery. Th[e trial c]ourt reserved ruling on the objection until the next break. In the interim, the Commonwealth moved on to the next item found during the search. At the end of Detective Carsello's direct examination testimony, all of the Commonwealth's exhibits were moved into evidence, to the exclusion of Exhibit C-18, which would be dealt with at the conclusion of this witness's testimony.

> At that juncture, a recess was taken and the jury was led out of the courtroom. Defense counsel reiterated that he never received the item in discovery. The Commonwealth responded that it did make the item available to defense counsel by way of discovery letters and emails inviting defense counsel to view all of the evidence seized during the search of the barber shop. The Commonwealth argued that at no time did defense counsel make an appointment to view any of the documents or video or any of the items seized pursuant to the search, therefore, since the Commonwealth made these

- 15 -

items available to the defense the correspondence may be properly admitted into evidence. Defense counsel countered that the property receipt from the barbershop, Exhibit C-12, does not list the correspondence addressed to Appellant from Aetna as having been seized during the search. Specifically, the receipt stated, "Documentation of apartment lease and pay receipts and inmate letter sent from the Department of Corrections to Anthony Dennis." Th[e trial c]ourt noted that from reading the property receipt there would be no way of defense counsel knowing that he should look at the exhibit as having anything to do with his client, Appellant. Therefore, th[e trial c]ourt did not admit Exhibit C-18 into evidence. Th[e trial c]ourt asked defense counsel whether he wanted it formally stricken in front of the jury. However, before counsel answered that question, counsel requested a mistrial, which was denied. It is this denial of the mistrial that counsel now appeals. Subsequently, counsel did request that the evidence be stricken and an instruction be given that the jury may not consider such evidence. Th[e trial c]ourt agreed to that.

The jury was brought back into the courtroom, and th[e trial c]ourt instructed the jury that Exhibit C-18 is not admissible and will not be admitted into evidence. The jury was instructed not to consider it and any testimony about it in any way during deliberations.

Trial Court Opinion, 1/10/14, at 3-4 (citations to notes of testimony omitted).

Therefore, in accordance with Rule 573(E) the trial court properly excluded the mail from being entered into evidence. Further, the trial court issued a cautionary instruction to the jury stating the jury was not to consider the evidence or any testimony regarding it during deliberations.

N.T., 1/7/13, at 182. As a reviewing court "[w]e presume the jury followed these instructions." *Commonwealth v. Philistin*, 53 A.3d 1, 18 (Pa. Super. 2012), *citing* *Commonwealth v. Miller*, 819 A.2d 504, 513 (Pa. 2002) (holding "[th]e law presumes that the jury will follow the instructions of the court[]"), *cert. denied*, 540 U.S. 827 (2003). Accordingly, we conclude the trial court did not abuse its discretion in denying Appellant's request for a mistrial. *Johnson*, *supra*.

Finally, in his fourth issue, Appellant avers the trial court erred in denying his motion for a mistrial "[w]here the Commonwealth presented a visual aid during closing arguments that contained irrelevant, misleading, and highly inflammatory and prejudicial references to a murder." Appellant's Brief at 26. Appellant argues the slide in question remained on the screen for the jury to view for more than 12 minutes, referenced a conversation about someone being murdered, and did not relate to any of the crimes committed by any of the co-defendants. *Id.* at 28.

Upon review, we conclude that the trial court did not abuse its discretion in denying Appellant's request for a mistrial. The specific objection, lodged after the jury was excused, was as follows.

> [The Court]: You want some instruction on the murder, is that the issue?
>
> [Defense Counsel]: I didn't want to bring it up in front of the jury.

        **My objection is that it was up there for 12 minutes.** It was comparatively long compared to the other - -

[The Court]: My question is, do you want an instruction on murder? They earlier referred to the girl in Souderton. … I can make a general instruction that one of the slides had the word, something about someone being murdered, and I can say that has nothing to do with any of the participants in this case and leave it at that.

        But I defer to you. How much do you want? Or nothing?

[Defense Counsel]: At this point I don't think the bell can be un-rung **because it was up there for so long.**

        On behalf of my client, to preserve the record, I'll make a motion for mistrial based on that.

N.T., 1/10/13, at 8-9 (emphasis added).

As the record demonstrates, defense counsel's objection pertained solely to the amount of time the slide remained on the screen. On appeal, Appellant has not set forth any argument or pertinent case law to support his contention that a mistrial should be granted based on the amount of time evidence, that was admitted at trial, was displayed to the jury during closing. Our Supreme Court has held, that we will not consider an argument where an appellant fails to cite to any legal authority or otherwise develop the issue. *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009), *cert. denied*, *Johnson v. Pennsylvania*, 131 S. Ct. 250 (2010). Accordingly, Appellant's issue is waived.

Furthermore, if we were to reach the merits of Appellant's claim, defense counsel was afforded an opportunity to have the trial court give the jury a cautionary instruction on the contents of the slide but declined to have one read. As the trial court noted, "[t]here was no suggestion that either defendant was in any way involved in a murder, just that they had a conversation about one." Trial Court Opinion, 1/10/14, at 9. "Defense counsel rejected th[e trial c]ourt's offer of a cautionary instruction, and it simply does not rise to the level where a mistrial was warranted." *Id.*

Accordingly, for all the reasons set forth above we reject Appellant's arguments pertaining to the guilt phase of his trial. However, we are constrained to vacate Appellant's judgment of sentence and remand to the trial court for resentencing in accordance with *Alleyne*.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judge Bowes concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/27/2014