J-S38045-14

2014 PA Super 267

COMMONWEALTH OF PENNSYLVANIA,   :    IN THE SUPERIOR COURT OF
                                            :             PENNSYLVANIA
                    Appellee          :
                                            :
                v.                              :
                                            :
JERMAL BIZZEL,                        :
                                            :
                   Appellant        :        No. 2556 EDA 2013

Appeal from the Judgment of Sentence Entered April 16, 2013,
In the Court of Common Pleas of Philadelphia County,
Criminal Division, at No. CP-51-CR-0011725-2012.

BEFORE: FORD ELLIOTT, P.J.E., BOWES and SHOGAN, JJ.

OPINION BY SHOGAN, J.:                   **FILED DECEMBER 02, 2014**

Appellant, Jermal Bizzel, appeals from the judgment of sentence entered on April 16, 2013, in the Philadelphia County Court of Common Pleas. In this appeal, Appellant argues that the unconstitutional provisions of 18 Pa.C.S. § 6317 (Drug-free school zones) cannot be severed from the remainder of the statute, and therefore, the entire statute should be declared void and unenforceable. We conclude they cannot be severed, and thus hold that 18 Pa.C.S. § 6317 is unconstitutional. Accordingly, we affirm Appellant's convictions, but we vacate the judgment of sentence and remand for resentencing.

On June 14, 2012, the Philadelphia Narcotics Enforcement Team conducted surveillance in the 2900 block of South Sydenham Street in South

Philadelphia. N.T., 2/5/13, at 10-12. Police Officers witnessed Appellant engage in the sale of a controlled substance, later identified as four Xanax pills, on the street in front of 2937 South Sydenham Street. *Id*. at 13-17, 37-39. Appellant was arrested and charged with possession of a controlled substance with intent to deliver ("PWID"), possession of a controlled substance, and criminal conspiracy. Criminal Complaint, 6/15/12. Following a bench trial, Appellant was found guilty on all counts. N.T., 2/5/13, at 50. On April 16, 2013, the trial court sentenced Appellant on the PWID conviction to a term of two to four years of incarceration pursuant to the mandatory minimum requirements under 18 Pa.C.S. § 6317, relating to sales of controlled substances in drug-free school zones. N.T., 4/16/13, at 57-58. In doing so, the trial court found by a preponderance of the evidence that the drug transaction occurred within one thousand feet of a school. N.T., 4/16/13, at 56. The trial court further concluded that the possession of a controlled substance conviction merged with PWID for sentencing purposes. The trial court then imposed a consecutive sentence of two years of probation for the conspiracy conviction. *Id*.

Appellant filed a timely post-sentence motion that was denied by operation of law on August 22, 2013. Thereafter, Appellant filed a timely notice of appeal on September 5, 2013. Both the trial court and Appellant have complied with Pa.R.A.P. 1925.

On appeal, Appellant presents one issue for this court's consideration:

Should not the mandatory minimum sentencing statute, 18 Pa.C.S. § 6317 Drug-free school zones, be declared void and unenforceable, where multiple procedural provisions within the statute are unconstitutional under the holding in Alleyne v. United States,[1] and cannot properly be severed from the remaining statute?

Appellant's Brief at 3 (footnote added).

On April 16, 2013, the date Appellant was sentenced, the Commonwealth was required to prove by a preponderance of the evidence that Appellant sold controlled substances in a drug free school zone, as defined in 18 Pa.C.S. § 6317, with the trial judge determining whether the mandatory minimum sentence applied at the time of sentencing. However, on June 17, 2013, in the **Alleyne** decision, the United States Supreme Court held that facts which increase a mandatory minimum sentence are elements of the crime and must be proven beyond a reasonable doubt.[2] Here, Appellant filed a timely post-sentence motion challenging the constitutionality of the mandatory minimum in anticipation of the decision in

_____

[1] **Alleyne v. United States**, 133 S.Ct. 2151 (2013).

[2] The mandate that facts that increase a mandatory minimum are elements of the crime and are required to be proven beyond a reasonable doubt applies in both bench trials and jury trials. **See Commonwealth v. Munday**, 78 A.3d 661, 666 (Pa. Super. 2013) (stating that **Alleyne** established "that when a mandatory minimum sentence is under consideration based upon judicial factfinding of a 'sentencing factor,' that 'sentencing factor' is, in reality, 'an element of a distinct and aggravated crime' and, thus, requires it be proven beyond a reasonable doubt." (quoting **Alleyne**, 133 S.Ct. at 2163).

***Alleyne***.  Post-sentence Motion, 4/23/13, at ¶¶ 9-11.  Moreover, Appellant raised the issue in his Pa.R.A.P. 1925(b) statement and cited the decision in ***Alleyne*** as support for his appeal.  Pa.R.A.P. 1925(b) Statement, 10/28/13, at ¶ 5.  Thus, this issue was properly preserved on appeal.[3]

The constitutionality of a statute is a pure question of law.  ***Robinson Tp., Washington County v. Commonwealth of Pennsylvania***, 83 A.3d 901, 943 (2013).  Thus, our standard of review is *de novo* and our scope of review is plenary.  ***Id***.

Appellant is challenging the constitutionality of 18 Pa.C.S. § 6317 in its entirety.  As noted above, the United States Supreme Court's decision in ***Alleyne*** rendered unconstitutional those portions of Pennsylvania's mandatory minimum sentencing statutes that allow a judge to increase a defendant's sentence based on a preponderance of the evidence standard as opposed to utilizing the beyond a reasonable doubt standard.  Thus, ***Alleyne*** rendered 18 Pa.C.S. § 6317(b) unconstitutional.[4]  Here, Appellant argues that, 18 Pa.C.S. § 6317(b) cannot be severed from the balance of the statute, and therefore, the unconstitutionality of Section 6317(b) results in the entire statute being unconstitutional.

---

[3] While Appellant was sentenced prior to the filing of the decision in ***Alleyne***, this Court has applied the holding in ***Alleyne*** to cases pending on appeal at the time ***Alleyne*** was decided.  ***Commonwealth v. Watley***, 81 A.3d 108, 116-118 (Pa. Super. 2013).

[4] The constitutional infirmity of 18 Pa.C.S. § 6317(b), and other sentencing statutes, was noted, albeit in *dicta*, in this Court's decision in ***Watley***.

With regard to severability, the rules of statutory construction provide as follows:

### 1925. Constitutional construction of statutes

The provisions of every statute shall be severable. If any provision of any statute or the application thereof to any person or circumstance is held invalid, the remainder of the statute, and the application of such provision to other persons or circumstances, shall not be affected thereby, unless the court finds that the valid provisions of the statute are so essentially and inseparably connected with, and so depend upon, the void provision or application, that it cannot be presumed the General Assembly would have enacted the remaining valid provisions without the void one; or unless the court finds that the remaining valid provisions, standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent.

1 Pa.C.S. § 1925.

The statute at issue, the drug-free school zone provision of the Pennsylvania Crimes Code, provides as follows:

### 6317. Drug-free school zones

**(a) General rule.**--A person 18 years of age or older who is convicted in any court of this Commonwealth of a violation of section 13(a)(14) or (30) of the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, shall, if the delivery or possession with intent to deliver of the controlled substance occurred within 1,000 feet of the real property on which is located a public, private or parochial school or a college or university or within 250 feet of the real property on which is located a recreation center or playground or on a school bus, be sentenced to a minimum sentence of at least two years of total confinement, notwithstanding any other provision of this title, The Controlled Substance, Drug, Device and Cosmetic Act or other statute to

the contrary. The maximum term of imprisonment shall be four years for any offense:

(1) subject to this section; and

(2) for which The Controlled Substance, Drug, Device and Cosmetic Act provides for a maximum term of imprisonment of less than four years.

If the sentencing court finds that the delivery or possession with intent to deliver was to an individual under 18 years of age, then this section shall not be applicable and the offense shall be subject to section 6314 (relating to sentencing and penalties for trafficking drugs to minors).

**(b) Proof at sentencing.**--The provisions of this section shall not be an element of the crime. Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine by a preponderance of the evidence if this section is applicable.

**(c) Authority of court in sentencing.**--There shall be no authority for a court to impose on a defendant to which this section is applicable a lesser sentence than provided for in subsection (a), to place the defendant on probation or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this section. Disposition under section 17 or 18 of The Controlled Substance, Drug, Device and Cosmetic Act shall not be available to a defendant to which this section applies.

**(d) Appeal by Commonwealth.**--If a sentencing court refuses to apply this section where applicable, the Commonwealth shall

have the right to appellate review of the action of the sentencing court. The appellate court shall vacate the sentence and remand the case to the sentencing court for imposition of a sentence in accordance with this section if it finds that the sentence was imposed in violation of this section.

18 Pa.C.S. § 6317.

Initially, we point out that, pursuant to *Alleyne*, Section 6317(b) is now an element of the crime despite the language in the statute specifically stating that **it was not an element**. Thus, the legislature clearly did not intend the result mandated by the decision in *Alleyne*.

Additionally, we conclude that 18 Pa.C.S. § 6317(b) cannot be severed from the rest of the statute because there would be no enforcement mechanism. In addressing a similar issue regarding *Alleyne* and 42 Pa.C.S. § 9712.1,[5] this Court explained as follows:

> We find that Subsections (a) and (c) of Section 9712.1 are essentially and inseparably connected. Following *Alleyne*, Subsection (a) must be regarded as the elements of the aggravated crime of possessing a firearm while trafficking drugs. If Subsection (a) is the predicate arm of Section 9712.1, then Subsection (c) is the "enforcement" arm. Without Subsection (c), there is no mechanism in place to determine whether the predicate of Subsection (a) has been met.

*Commonwealth v. Newman*, 99 A.3d 86, 101 (Pa. Super. 2014). In the case at bar, after reviewing the language in 18 Pa.C.S. § 6317 pursuant to our rules of statutory construction, it is apparent that Section 6317(a) is the

---

[5] 42 Pa.C.S.A. § 9712.1 set forth the mandatory minimum sentences for crimes involving controlled substances pursuant to 35 P.S. § 780-113(a)(3).

predicate arm and Section 6317(b) is the enforcement arm.   Without 6317(b) there is no mechanism in place to determine whether the predicate enumerated in Section 6317(a) has been met.[6]

As noted above, the United States Supreme Court's decision in **Alleyne** rendered Section 6317(b) unconstitutional.   In the instant case, after careful review and pursuant to the rules of statutory construction set forth in 1 Pa.C.S. § 1925, we conclude that the remainder of 18 Pa.C.S. § 6317 is inseparably connected with and dependent upon the unconstitutional provision in Section 6317(b).   It cannot be presumed the General Assembly would have enacted the remaining provisions without Section 6317(b), and the remaining provisions, standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent.   Therefore, we are constrained to hold that 18 Pa.C.S. § 6317 is unconstitutional.

For the reasons set forth above, we affirm Appellant's convictions. However, because we hold that 18 Pa.C.S. § 6317 is unconstitutional, we vacate the judgment of sentence and remand for resentencing.

---

[6]  Indeed, the Commonwealth concedes that subsection (c) of 42 Pa.C.S. § 9712.1 is "virtually identical" to 18 Pa.C.S. § 6317(b). **See** Commonwealth's Brief at 11 n.5 (referencing our decision in **Watley**, 81 A.3d at 117 n.4).

Convictions affirmed. Judgment of sentence vacated due to the unconstitutionality of 18 Pa.C.S. § 6317. Case remanded for resentencing.

P.J.E. Ford Elliott joins this Opinion.

Judge Bowes files a Concurring Opinion.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/2/2014