J-S52017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL TELLEED ROSS | |
| Appellant | No. 2972 EDA 2015 |

Appeal from the PCRA Order Dated September 4, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0009616-2013

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and STRASSBURGER,[*] JJ.

DISSENTING MEMORANDUM BY STABILE, J.:          **FILED January 12, 2017**

I respectfully dissent because the Majority incorrectly concludes **Alleyne**[1] rendered Section 7508 of the Crimes Code unconstitutional.

The sole issue before us is whether the PCRA court erred in declining to hold an evidentiary hearing on Appellant's allegation that his trial counsel was ineffective for failing to advise him of **Alleyne**'s impact on Pennsylvania's mandatory minimum statutes.  Put differently, Appellant here argues that his counsel was ineffective for failing to predict that **Alleyne**

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Alleyne v. United States**, 133 S. Ct. 2151, 2161-63 (2013) (holding that any fact other than a prior conviction that triggers a mandatory minimum sentence must be found by a jury beyond a reasonable doubt).

would trigger Pennsylvania courts to declare unconstitutional mandatory minimum statutes, such as Section 7508.

Unlike the Majority, I believe Appellant's argument lacks merit. It is well-settled that counsel will not be deemed ineffective for failing to anticipate changes in law. *Commonwealth v. Bennett*, 57 A.3d 1185, 1201 (Pa. 2012) (recognizing that "counsel will not be faulted for failing to predict change in the law."); *see also Commonwealth v. Cox*, 983 A.2d 666, 702 (Pa. 2009) ("The law is clear that counsel cannot be held ineffective for failing to anticipate a change in the law."). Instantly, although it is true that *Alleyne* was decided approximately three months before Appellant was sentenced, Pennsylvania courts had not ruled at the time of his sentencing whether *Alleyne* would invalidate state mandatory minimum statutes. In fact, it was not until *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*) (Ford Elliot, P.J.E.), that this Court held that mandatory minimum statutes were unconstitutional and non-severable. *Newman* was vindicated by our Supreme Court's decision in *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015). Accordingly, Appellant's counsel cannot be faulted for failing to predict the full effect of *Alleyne* on Pennsylvania mandatory minimum statutes.[2] *See Bennett*,

_____

[2] To the extent the learned Majority asserts that "*Alleyne* rendered [S]ection 7508 []constitutionally infirm," Maj. Mem. at 5, I must disagree. *Alleyne* held only that under the Sixth Amendment to the United States Constitution, a jury must find beyond a reasonable doubt any facts that
*(Footnote Continued Next Page)*

*supra*; *but compare Melendez-Negron*, 123 A.3d at 1090-91 (trial counsel was ineffective for permitting appellant to enter into a negotiated guilty plea featuring a mandatory minimum sentence under Section 9712.1 after Section 9712.1 was declared unconstitutional in *Commonwealth v. Munday*, 78 A.3d 661 (Pa. Super. 2013)).

Even if Appellant's claim had merit, as the Majority believes, it still fails because Appellant failed to discuss adequately the prejudice prong of the *Pierce* test. As this Court recently emphasized in *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*), "[a] petitioner must prove all three factors of the *Pierce* test, or the [ineffectiveness] claim fails. In addition, on appeal, a petitioner must adequately discuss all three factors" of the test outlined in *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987). *See Reyes-Rodriguez*, *supra*. Here, Appellant's brief contains only a one-sentence allegation of prejudice: "[Appellant] was prejudiced by this failure of counsel because [Appellant] received a more severe sentence." Appellant's Brief at 6. Appellant's allegation of prejudice does not explain how his sentence would have been

*(Footnote Continued)* _____

increase a mandatory minimum sentence. *See Alleyne*, 133 S. Ct. at 2155. Here, as noted, no mandatory minimum sentence was applied as part of the negotiated plea deal. Thus, the trial court did not determine any facts increasing a mandatory minimum sentence. *But compare Commonwealth v. Melendez-Negron*, 123 A.3d 1087, 1089 (Pa. Super. 2015) (vacating the appellant's guilty plea because it included a mandatory minimum sentence under 42 Pa.C.S.A. § 9712.1 for firearms possession).

less severe. Specifically, Appellant does not allege what crimes he was facing, or what the standard range sentence was for those crimes—let alone the offense gravity score or his prior record score.[3] Accordingly, I would conclude that the PCRA court did not err in dismissing Appellant's PCRA petition without a hearing.

_____

[3] As the Commonwealth points out:

> In addition to the open PWID and conspiracy case to which [Appellant] pled guilty, he had two open violations of probation cases on the court's list for disposition that same day, including one for a previous PWID conviction. [The trial court] found [Appellant] in violation of both probations, but gave no additional sentence. Had [Appellant] proceeded to trial and been convicted on all of the charges he faced, he could have been sentenced to up to 30 years in prison.

Appellee's Brief at 7.