J-S59042-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAWN PAUL ARNOLD, SR., | |
| Appellant | No. 1248 EDA 2014 |

Appeal from the Order Dated March 21, 2014
in the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0000836-2002,
CP-15-CR-0000837-2002, CP-15-CR-0000838-2002,
CP-15-CR-0000839-2002, CP-15-CR-0000841-2002,
CP-15-CR-0000842-2002, CP-15-CR-0000843-2002,
CP-15-CR-0000844-2002

BEFORE:  SHOGAN, LAZARUS, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED SEPTEMBER 17, 2014**

Shawn Paul Arnold, Sr. (Appellant) appeals from the March 21, 2014 order which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In 2002, Appellant pled either guilty or nolo contendere to seven counts of robbery and two counts of theft.  On December 19, 2002, he was sentenced to concurrent sentences of five to ten years of imprisonment pursuant to 42 Pa.C.S. § 9712 (providing mandatory minimum sentences for offenses committed where the defendant "visibly possessed a firearm or a

_____

[*]  Retired Senior Judge assigned to the Superior Court.

replica of a firearm"). Appellant did not file a direct appeal. On January 19, 2014, Appellant filed a PCRA petition challenging the legality of his sentence and the voluntariness of his pleas. Counsel was appointed, and the PCRA court subsequently gave counsel leave to withdraw his appearance pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On March 4, 2014, the PCRA court entered notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant timely filed *pro se* objections to the PCRA court's notice. The PCRA court dismissed Appellant's petition by order of March 21, 2014. Appellant timely filed a notice of appeal. The PCRA court ordered Appellant to file a concise statement of errors complained of on appeal, and Appellant timely filed his statement.

Appellant presents the following question to this Court: "Did the PCRA court err in dismissing Appellant Arnold's PCRA petition without a hearing, and was counsel ineffective, where Appellant's sentence is illegal and was illegally induced?" Appellant's Brief at 4 (unnecessary capitalization omitted).

"Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'"

*Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (quoting *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011)).

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Robinson*, 12 A.3d 477, 479 (Pa. Super. 2011). "Even where neither party nor the PCRA court [has] addressed the matter, it is well-settled that we may raise it *sua sponte* since a question of timeliness implicates the jurisdiction of our Court."[1] *Commonwealth v. Gandy*, 38 A.3d 899, 902 (Pa. Super. 2012) (internal quotation omitted), *appeal denied*, 49 A.3d 442 (Pa. 2012).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met. 42 Pa.C.S. § 9545. A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." *Robinson*, 12 A.3d at 480.

Appellant not having appealed his December 19, 2002 judgment of sentence, it became final in 2003. Appellant's PCRA petition was filed more

---

[1] In the instant case, the PCRA court did not address the timeliness of Appellant's PCRA petition, but the Commonwealth raised the issue in its brief. Commonwealth's Brief at 5. We are not bound by the rationale of the PCRA court, and may affirm on any basis. *Commonwealth v. Doty*, 48 A.3d 451, 456 (Pa. Super. 2012).

than ten years later. The petition was thus patently untimely. In order for the PCRA court to have had jurisdiction to grant Appellant relief, Appellant had to plead and prove that a timeliness exception applied.[2]

Appellant's PCRA claims are based upon this Court's decision in **Commonwealth v. Munday**, 78 A.3d 661 (Pa. Super. 2013), which held that the statute which provides mandatory minimum sentences for offenses committed with firearms is unconstitutional under **Alleyne v. United States**, 133 S.Ct. 2151 (2013).

Appellant claims that his PCRA petition satisfies a timeliness exception because he filed it "within 60 days of the **Munday** decision becoming available to him in the institution library, on November 20, 2013, thereby satisfying the exceptions to the PCRA jurisdictional time bar of § 9545(b)[(1)](ii) (Facts previously unknown), and/or § 9545(b)[(1)](iii) (New decisional law)." PCRA Petition, 1/13/2014, at 7a.

These exceptions are unavailing. First, "subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA." **Commmonwealth v. Watts**, 23 A.3d 980, 987 (Pa. 2011). Second, the

---

[2] The Commonwealth argues that Appellant is challenging the wrong judgment of sentence, as he was resentenced in March 2010 after being held "in violation of his parole and probation[.]" Commonwealth's Brief at 6. Thus, contends the Commonwealth, Appellant presently is not eligible for relief from his 2002 sentence under the PCRA. **Id.** at 7-8 (citing 42 Pa.C.S. § 9543). Because we determine that the PCRA court lacked jurisdiction to entertain Appellant's petition, we need not address Appellant's eligibility for PCRA relief.

*Munday* decision was not handed down by the Pennsylvania or United States Supreme Court, let alone with a holding that it recognized a retroactively-applicable new right.[3]

Appellant failed to satisfy a PCRA timeliness exception. The PCRA court consequently lacked jurisdiction to entertain the merits of Appellant's claims, and dismissal of the PCRA petition was proper.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/17/2014

---

[3] Even if the October 10, 2013 *Munday* decision satisfied subsection (b)(1)(iii), Appellant's petition was filed more than 60 days after the decision. That he was unaware of the case until November 20, 2013 does not extend the (b)(1)(iii) filing deadline. *See, e.g., Commonwealth v. Brandon*, 51 A.3d 231, 235 (Pa. Super. 2012) ("[T]he sixty-day period [for invoking the subsection (b)(1)(iii) exception] begins to run upon the date of the underlying judicial decision.").