J-S70032-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :     IN THE SUPERIOR COURT OF
                                      :             PENNSYLVANIA
                Appellee         :
                                        :
         v.                  :
                                        :
CURTIS TILDON,                  :
                                        :
              Appellant       :     No. 1201 EDA 2014

Appeal from the PCRA Order Entered January 28, 2014
in the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0005867-2010

BEFORE:  LAZARUS, MUNDY, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:       **FILED NOVEMBER 19, 2014**

Curtis Tildon (Appellant) appeals *pro se* from an order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

A prior panel of this Court summarized the underlying facts as follows.

> On August 24, 2010 at approximately 6:30 a.m., [Appellant] drove his brother, Irvin Tildon, and another male, Antwone Johnson, to a Wachovia Bank.  [Appellant] had indicated to Johnson the previous day that he and Irvin needed him to do some construction work; however, when they arrived at the bank, [Appellant] told Johnson that they actually wanted him to rob it.  [Appellant] explained to Johnson that they planned to use duct-tape to restrain the female teller and they would steal money from the bank vault.  Johnson was initially hesitant, but [Appellant] showed him the clothes in the trunk for Johnson to change into during the robbery, including a blue button-down shirt, white hat and gloves.  Eventually [Appellant] and Irvin convinced Johnson to participate in the robbery.
>
> [Appellant] walked up to the door of the Wachovia Bank with Johnson, but Johnson hesitated when he saw a guard.  The

---

* Retired Senior Judge assigned to the Superior Court.

three men left and drove to find another bank. During the ride, [Appellant] explained that the plan was simply for Johnson to ask the teller for money and that most banks' procedure in a robbery is to hand the money over. [Appellant] also told Johnson that he had a gun in the trunk, but Johnson did not want to use it.

[Appellant] eventually stopped at a Sovereign Bank in Media[, PA]. Johnson went inside and told the teller, John Guy, to give him money and no one would get hurt. Surprised, Guy asked Johnson if he was being robbed and Johnson responded that he was. Guy handed the money in his desk to Johnson, who left with [Appellant] and Irvin in the Mercedes. Guy pulled the silent alarm and told police that the bank had been robbed.

Officer Jacob [Bielering] received a police report of the incident and a description of the men involved. The report stated that the robber was wearing a blue security guard shirt with a flag on the sleeve and a white baseball cap and that he was travelling with two other men in a black Mercedes. Officer Bielering saw [Appellant's] Mercedes, which matched the description, travelling at a high rate of speed and pulled it over.

Officer Bielering determined that [Appellant's] driver's license was suspended. Other officers arrived and saw that Johnson had a blue shirt and white hat by his feet that matched the description. Believing that the men were the same ones who had robbed the bank, the officers asked them to step out of the vehicle and patted them down for weapons. During the patdown search, Officer DiTrolio recognized that Johnson had stacks of money in his pockets and removed them. Johnson stated that he had just robbed a bank. Guy later identified Johnson as the man who had robbed the Sovereign Bank, although he was unable to identify [Appellant] or Irvin.

After the Mercedes was secured and towed, police searched the vehicle and recovered hoodie sweatshirts, duct tape, gloves and a starter pistol from the trunk. The baseball hat and blue shirt were secured from inside the vehicle at the time of the car stop. Police subsequently arrested [Appellant] and Irvin and charged them with [robbery, conspiracy to commit robbery, and theft by unlawful taking].

[Appellant] and Irvin were tried jointly by a jury on May 11, 2011. Johnson entered a guilty plea and testified at trial.

*Commonwealth v. Tildon*, 55 A.3d 124 (Pa. Super. 2012) (unpublished memorandum at 1-3).

The jury found Appellant guilty of robbery, conspiracy to commit robbery, theft by unlawful taking, conspiracy to commit theft by unlawful taking, and possession of instruments of crime. The Commonwealth requested an aggravated range sentence because at the time of this robbery, Appellant was being supervised by the federal government for his role in a 2001 robbery. The trial court agreed and imposed a sentence in the aggravated range. Appellant was sentenced to three to six years' incarceration for the robbery and a consecutive three to six years' incarceration for the conspiracy to commit robbery.[1]

Appellant filed a direct appeal, and on July 6, 2012, a panel of this Court affirmed Appellant's judgment of sentence. *Id*. Appellant filed a petition for allowance of appeal in our Supreme Court. The Court denied that petition on January 9, 2013. *Commonwealth v. Tildon*, 63 A.2d 1247 (Pa. 2013) (table).

On July 12, 2013, Appellant *pro se* filed a PCRA petition, which asserted no specific grounds for relief, but did assert Appellant's desire to amend the petition with the assistance of counsel. Counsel was appointed

---

[1] The trial court subsequently vacated Appellant's sentence, and on August 24, 2011, the same term of incarceration was imposed, but the probation tails for each offense were shortened. N.T., 8/24/2011.

on Appellant's behalf. On January 13, 2014, counsel filed a petition to withdraw and no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). In that letter, counsel detailed his review of the record, transcripts, and letters from Appellant wherein Appellant set forth issues he wished counsel to raise. According to counsel, those issues included assertions of ineffective assistance of trial counsel for failing to argue to the jury that mere presence is not sufficient to convict Appellant; for failing to request a false in one, false in all jury instruction; and, for failing to request an instruction about inconsistent statements of Commonwealth witnesses. No-Merit Letter, 1/14/2013, at 2 (unnumbered). Upon counsel's review of the jury charge, both instructions were included. Furthermore, upon counsel's review of trial counsel's opening and closing statements, trial counsel did argue to the jury essentially that Appellant's mere presence at the scene was not enough to convict him. Finally, counsel concluded that his review of the record did not reveal any other arguments to present in a PCRA petition. ***Id***. at 3.

On January 28, 2014, the PCRA court granted counsel's application to withdraw and issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant responded timely to Rule 907 notice. In that response, Appellant set forth a number of issues he had with trial counsel's representation of him. Appellant asserted that counsel

did not ask the trial court to give certain jury instructions, did not argue properly in his opening and closing arguments, and also that counsel was ineffective for failing to raise a discretionary aspects of sentencing claim.

On February 19, 2014, the PCRA court formally dismissed Appellant's PCRA petition. In doing so, the PCRA court analyzed only the allegations of error set forth in counsel's no-merit letter. Appellant timely filed a notice of appeal, and both Appellant and the PCRA court satisfied the requirements of Pa.R.A.P. 1925.

On appeal, Appellant sets forth several issues, which we consider mindful of our well-settled standard of review from the denial of a PCRA petition.

> [A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.
>
> In this appeal, all of Appellant's claims challenge the effectiveness of trial counsel. [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. In Pennsylvania, we have refined the **Strickland** [**v. Washington**, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)] performance and prejudice test into a three-part inquiry. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel

had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. If a petitioner fails to prove any of these prongs, his claim fails. Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. Where matters of strategy and tactics are concerned, a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.

Our Supreme Court added: As a general and practical matter, it is more difficult for a defendant to prevail on a claim litigated through the lens of counsel ineffectiveness, rather than as a preserved claim of trial court error. This Court has addressed the difference as follows: [A] defendant [raising a claim of ineffective assistance of counsel] is required to show actual prejudice; that is, that counsel's ineffectiveness was of such magnitude that it could have reasonably had an adverse effect on the outcome of the proceedings. This standard is different from the harmless error analysis that is typically applied when determining whether the trial court erred in taking or failing to take certain action. The harmless error standard, as set forth by this Court in **Commonwealth v. Story**, 476 Pa. [391], 409, 383 A.2d [155], 164 [(1978)] (citations omitted), states that "[w]henever there is a 'reasonable possibility' that an error 'might have contributed to the conviction,' the error is not harmless." This standard, which places the burden on the Commonwealth to show that the error did not contribute to the verdict beyond a reasonable doubt, is a lesser standard than the **Pierce** prejudice standard, which requires the defendant to show that counsel's conduct had an actual adverse effect on the outcome of the proceedings. This distinction appropriately arises from the difference between a direct attack on error occurring at trial and a collateral attack on the stewardship of counsel. In a collateral attack, we first presume that counsel is effective, and that not every error by counsel can or will result in a

- 6 -

constitutional violation of a defendant's Sixth Amendment right to counsel.

Similarly, this Court has explained: To overcome the presumption of effectiveness, Appellant must establish three factors: first that the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that Appellant was prejudiced. Counsel's assistance is deemed constitutionally effective once this Court determines that the defendant has not established any one of the prongs of the ineffectiveness test. This Court has also explained: The Pennsylvania Superior Court has held that Appellant's claims must meet all three prongs of the test for ineffectiveness, if the court can determine without an evidentiary hearing that one of the prongs cannot be met, then no purpose would be advanced by holding an evidentiary hearing.

*Commonwealth v. Charleston*, 94 A.3d 1012, 1019-20 (Pa. Super. 2014) (internal quotations and citations omitted).

First, Appellant contends that trial counsel was ineffective because he never called Appellant's alibi witness to testify at trial. Appellant's Brief at 8-9. This issue was raised for the first time in Appellant's response to the Rule 907 notice. "Where the petitioner does not seek leave to amend his petition after counsel has filed a *Turner/Finley* no-merit letter, the PCRA court is under no obligation to address new issues." *Commonwealth v. Rigg*, 84 A.3d 1080, 1085 (Pa. Super. 2014). Accordingly, to the extent Appellant wished to raise this issue on appeal, he first had to request permission from the PCRA court to amend his petition. He did not do so; thus, we may not consider this issue now. Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Next, Appellant contends inartfully that trial counsel was ineffective for failing to appeal Appellant's sentence as being excessive. Appellant's Brief at 9. In his brief, with respect to this argument, Appellant references a potential violation of *Alleyne v. United States*, 133 S.Ct. 2151 (2013).[2] In *Alleyne*, the United States Supreme Court held that "any fact that increases the mandatory minimum sentence for a crime is an element that must be submitted to the jury and found beyond a reasonable doubt[.]" *Commonwealth v. Munday*, 78 A.3d 661, 665 (Pa. Super. 2013) (internal quotations omitted). Although the *Alleyne* issue is being raised for the first time on appeal, we may address it as it relates to the legality of Appellant's sentence. *Commonwealth v. Infante*, 63 A.3d 358, 363 (Pa. Super. 2013) ("As long as the reviewing court has jurisdiction, a challenge to the legality of the sentence is non-waivable and the court can even raise and address it *sua sponte*.").

Nonetheless, there is no merit to this argument. Our review of the transcript and record reveals there is no indication that the Commonwealth asked for or Appellant received a mandatory minimum sentence in potential violation of *Alleyne*. Thus, Appellant is not entitled to relief.

Next, Appellant contends Johnson lied under oath in his testimony. Appellant's Brief at 10-11. Unfortunately for Appellant, even if this claim

---

[2] *Alleyne* was decided on June 17, 2013, which was prior to the filing of his *pro se* PCRA petition.

were cognizable under the PCRA, we cannot discern a coherent argument in this portion of the brief.  Furthermore, this issue is being raised for the first time on appeal.  Thus, this argument is without merit.

Finally, Appellant contends the trial court should have included the "mere presence" jury instruction. Appellant's Brief at 11.[3]  This issue was raised by counsel at the PCRA court level, and the PCRA court addressed it in its opinion as follows.  "[T]he court's instruction to the jury accurately and thoroughly set forth the law regarding accomplice liability, including the following: 'It is important to understand that a person is not an accomplice merely because he is present when the crime is committed or knows that a crime is committed.'" PCRA Court Opinion, 5/22/2014, at 5 (citation to notes of testimony omitted).  Because the instruction Appellant requested was given to the jury, counsel could not be ineffective for failing to request it and Appellant is not entitled to relief on this basis.

For the foregoing reasons, we affirm the order of the PCRA Court dismissing Appellant's PCRA petition without a hearing.

Order affirmed.

Judge Lazarus joins the memorandum.

Judge Mundy concurs in the result.

---

[3] In his no-merit letter, counsel presented this issue properly as one of trial counsel's ineffective assistance for failing to request this instruction.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/2014