J-S36031-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT MARTIN, | : | |
| | : | |
| Appellant | : | Nos. 1867 & 1868 WDA 2014 |

Appeal from the PCRA Order Entered October 24, 2014,
in the Court of Common Pleas of Potter County,
Criminal Division, at No(s): CP-53-CR-0000237-2010 and
CP-53-CR-0000238-2010

BEFORE:    PANELLA, JENKINS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED JUNE 30, 2015**

Robert Martin (Appellant) appeals from an order which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The background underlying this matter can be summarized as follows. Appellant entered open guilty pleas to a number of charges under the above-captioned trial court docket numbers.  The trial court sentenced Appellant, and he appealed.  This Court affirmed the judgment of sentence on March 20, 2013.  ***Commonwealth v. Martin***, 69 A.3d 1298 (Pa. Super. 2013) (unpublished memorandum).  Appellant did not seek allowance of appeal with our Supreme Court.

On October 21, 2013, Appellant filed his first PCRA petition.  The PCRA court denied the petition, and this Court affirmed the court's order on

*Retired Senior Judge assigned to the Superior Court.

September 17, 2014. ***Commonwealth v. Martin***, 107 A.3d 230 (Pa. Super. 2014) (unpublished memorandum). Appellant did not seek allowance of appeal with our Supreme Court.

On September 24, 2014, Appellant *pro se* filed another PCRA petition. On October 2, 2014, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907 that it intended to dismiss the petition without holding an evidentiary hearing because Appellant untimely filed his petition. After Appellant *pro se* responded to the court's Rule 907 notice, the court formally dismissed the petition as untimely filed on October 24, 2014.

Appellant, with the aid of counsel, timely filed a notice of appeal. The PCRA court directed Appellant to comply with Pa.R.A.P. 1925(b). Appellant's counsel filed a 1925(b) statement, and the PCRA court later complied with Pa.R.A.P. 1925(a). In his counseled brief to this Court, Appellant asks us to consider one question, namely:

> Did the [PCRA] court err[] as a matter of law when it dismissed [] Appellants [*sic*] pending petition refusing to consider [] Appellant's pending second PCRA petition and where [] Appellant had not waived his right to review and a timely motion after the ruling in ***Commonwealth v. Newman***, 2014 Pa. Super 179, 99 A.3d 86 (2014) and published on August 20, 2014 and ***Commonwealth v. Munday***, 2013 Pa.Super. 273, 78 A.3d 661 (2013) since his petition was before the court within sixty (60) days of the change of law?

Appellant's Brief at 11.

We must determine whether the PCRA court properly dismissed Appellant's PCRA petition as untimely filed. Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010).

Under the PCRA, all petitions must be filed within one year of the date that the petitioner's judgment became final, unless one of three statutory exceptions applies. 42 Pa.C.S. § 9545(b)(1); *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review. 42 Pa.C.S. § 9545(b)(3). "The PCRA's time restrictions are jurisdictional in nature." *Chester*, 895 A.2d at 522. "Thus, '[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" *Id.* (quoting *Commonwealth v. Lambert*, 884 A.2d 848, 851 (Pa. 2005)).

This Court affirmed Appellant's judgment of sentence on March 20, 2013. Appellant had 30 days to petition our Supreme Court for allowance of appeal. Pa.R.A.P. 1113(a). He did not do so. Thus, for purposes of the PCRA, Appellant's judgment became final on April 19, 2013. He, therefore, had until April 19, 2014, in order to file timely a PCRA petition.

Because Appellant untimely filed his PCRA petition in September of 2014, he had the burden of pleading and offering to prove one of the following exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

Appellant's PCRA petition did not allege any of the statutory exceptions to the PCRA's one year time bar. Appellant did invoke the subsection 9545(a)(1)(ii) exception in his response to the PCRA court's Rule 907 notice. However, such action was insufficient to qualify as pleading an exception in a PCRA petition. *Commonwealth v. Derrickson*, 923 A.2d 466, 468-69 (Pa. Super. 2007). Appellant, therefore, untimely filed his PCRA petition, and the PCRA court was without jurisdiction to consider the

merits of that petition. Thus, the court properly dismissed the petition as untimely filed.[1]

Order affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2015

---

[1] In his appellate brief, Appellant argues that he timely filed his PCRA petition because the claim raised therein is a non-waivable challenge to the legality of his sentence. Appellant is incorrect. "As this Court recently noted, [t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised ... in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." **Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014) (citation and quotation marks omitted).