J-S59024-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| EDDIE JAMES JOHNSON III, | : | |
| | : | |
| Appellant | : | No. 270 WDA 2015 |

Appeal from the PCRA Order January 6, 2015,
Court of Common Pleas, Erie County,
Criminal Division at No. CP-25-CR-0000018-2013

BEFORE:  BOWES, DONOHUE and FITZGERALD*, JJ.

MEMORANDUM BY DONOHUE, J.:          **FILED SEPTEMBER 29, 2015**

Eddie James Johnson, III ("Johnson") appeals from the order of court denying his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").  For the following reasons, we reverse the PCRA court's order and remand for further proceedings.

On October 21, 2013, Johnson pled guilty to possession with intent to deliver a controlled substance ("PWID"), a felony, and possession of a small amount of marijuana.  At the time of his plea, he acknowledged that the PWID charge involved over nine grams of cocaine and that he had a prior PWID conviction.  N.T., 10/21/13, at 6-8.  At that time, Johnson also acknowledged that because of the amount of cocaine involved and his prior PWID conviction, he was subject to a mandatory minimum sentence of three

---

*Former Justice specially assigned to the Superior Court.

years, pursuant to 18 Pa.C.S.A. § 7508(a)(3)(i).[1] *Id.* at 6, 10. The trial court subsequently imposed a sentence of three to six years of incarceration on the PWID conviction with no further penalty on the remaining conviction. N.T., 1/2/14, at 9-10.

Johnson did not file a direct appeal. On October 10, 2014, he filed a pro se PCRA petition and the PCRA court appointed counsel ("PCRA counsel"). After reviewing the record, PCRA counsel filed a motion seeking to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1998), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). The PCRA court subsequently granted PCRA counsel's motion and issued notice of its intent to dismiss Johnson's petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907 ("Rule 907"). Johnson responded to the Rule 907 notice on December 18, 2014 and the PCRA court denied his petition on January 6, 2015.

---

[1] "A person who is convicted of … [PWID] … where the controlled substance is coca leaves or is any salt, compound, derivative or preparation of coca leaves or is any salt, compound, derivative or preparation which is chemically equivalent or identical with any of these substances or is any mixture containing any of these substances … shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection: (i) when the aggregate weight of the compound or mixture containing the substance involved is at least 2.0 grams and less than ten grams; one year in prison and a fine of $5,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: three years in prison and $10,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity." 18 Pa.C.S.A. § 7508(a)(3)(i).

This timely appeal followed. Johnson presents one issue for our review: "Whether the [PCRA] court erred in failing to find that the mandatory minimum sentence imposed in the instant case constituted an illegal sentence under *Alleyne*?" Johnson's Brief at 2. We consider this claim cognizant that "[o]ur standard of review of [an] order granting or denying relief under the PCRA requires us to determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Perez*, 103 A.3d 344, 347 (Pa. Super. 2014) (citation omitted).

In his *Turner/Finley* letter, PCRA counsel concluded that there was no merit to Johnson's claim because *Alleyne* is not applicable "in the context of the entry of guilty pleas wherein an factual finding for sentencing under the mandatory minimum has not been deprived of adjudication by the jury as triers-of-fact[.]" *Turner/Finley* Letter, 12/8/14, at 2. The PCRA court agreed with appointed counsel, finding that neither [*Allyene* or *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014)[2]] apply to the plea setting because there was no issue for a jury (or fact finder) to determine beyond a reasonable doubt." PCRA Court Opinion, 12/10/14, at 7. The PCRA court further concluded that Johnson's counsel "was not

---

[2] In *Newman*, this Court found a similar mandatory minimum sentencing statute, 18 Pa.C.S.A. § 9721.1, facially unconstitutional in light of the *Alleyne* decision. *Newman*, 99 A.3d at 98.

required to anticipate the **Newman** decision which was decided approximately eight months after [Johnson] was sentenced." **Id.**

We begin with PCRA counsel's and the PCRA court's conclusion that **Alleyne** does not apply to guilty pleas. This Court has held that a stipulation by the defendant to the relevant fact does not remedy the **Alleyne** violation inherent in Pennsylvania's mandatory minimum sentencing statutes. We reasoned as follows:

> [W]e see no meaningful difference, for the purposes of **Newman** and [**Commonwealth v.**]**Valentine**,[ 101 A.3d 801 (Pa. Super. 2014)] between submitting the element to the jury and accepting a stipulation from a defendant. They both have the purpose of finding a method to impose a mandatory minimum sentence outside the statutory framework, but consistent with **Alleyne**. However, both **Newman** and **Valentine** unequivocally state that creating a new procedure in an effort to impose a mandatory minimum sentence is solely within the province of the legislature. [] While submission to a jury is a more formal and involved procedure, we decline to fracture **Newman** and **Valentine** further by concluding that when read together, they only prohibit formal mandatory minimum procedures, but permit informal ones.

**Commonwealth v. Fennell**, 105 A.3d 13, 20 (Pa. Super. 2014); **see also Commonwealth v. Cardwell**, 105 A.3d 748, 754-55 (Pa. Super. 2014). Johnson's admissions as to the amount of cocaine in his possession, which he made for purpose of his plea, is the functional equivalent of a stipulation. Pursuant to **Fennell**, it does not remedy the **Alleyne** violation inherent to § 7508. The PCRA court erred in its conclusion to the contrary.

We now address the PCRA court's conclusion that Johnson is not entitled to relief because **Newman** was decided after Johnson was sentenced, and that his counsel could not be required to anticipate that we would find mandatory minimum sentencing statutes unconstitutional.

The PCRA court's focus on the date of the **Newman** decision is misplaced. Johnson entered his plea and was sentenced after the United States Supreme Court decided **Alleyne**. In **Alleyne**, the United States Supreme Court found mandatory minimum sentence enhancements unconstitutional where the facts that increase a mandatory minimum sentence are not submitted to a jury and are not required to be found beyond a reasonable doubt. Upon the issuance of the **Alleyne** decision in June 2013, Johnson's trial counsel (indeed, all of the Pennsylvania bar) was on notice that the constitutionality of such sentencing enhancements was in question. Where the United States Supreme Court has spoken, counsel need not wait for a pronouncement from a Pennsylvania appellate court. By raising such a claim or at least questioning the constitutionality of § 7508 during plea negotiations, Johnson's trial counsel would have been conscientiously advancing an argument based upon the logical extension of **Alleyne** to protect Johnson's interests, not attempting to predict changes in the law, as the PCRA court contends.[3]

---

[3] We further note that on October 10, 2013, this Court issued an opinion regarding the constitutionality of another, similar mandatory minimum

For these reasons, the PCRA court's conclusion that there was no merit to Johnson's claim that his sentence is illegal pursuant to **Alleyne** was in error. To the contrary, it is apparent that Johnson's sentence is illegal. **Fennell**, 105 A.3d at 20. Accordingly, we reverse the PCRA court's order denying Johnson's PCRA petition and remand for resentencing without consideration of § 7805(a)(3)(i).

Order reversed. Case remanded for resentencing. Jurisdiction relinquished.

Fitzgerald, J. joins the Memorandum.

Bowes, J. concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/2015

---

sentencing statute, § 9721.1, in light of **Alleyne**. **See Commonwealth v. Munday**, 78 A.3d 661 (Pa. Super. 2013) (finding 18 Pa.C.S.A. § 9721.1 unconstitutional as applied in light of **Alleyne**). **Munday** was decided approximately two weeks before Johnson's plea and almost three months before his sentencing. Thus, an appellate court of this Commonwealth had addressed the effect of **Alleyne** on our mandatory minimum sentencing statutes before these crucial events in Johnson's case.