J-S57028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| COREY CHRISTOPHER LAFOREST | |
| Appellant | No. 786 EDA 2015 |

Appeal from the PCRA Order February 23, 2015
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000930-2011

BEFORE: MUNDY, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.:                    **FILED December 18, 2015**

Corey Christopher Laforest appeals the order entered February 23, 2015, in the Monroe County Court of Common Pleas, dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. Laforest seeks relief from the judgment of sentence of an aggregate term of five to 10 years' imprisonment imposed on March 23, 2012, after a jury found him guilty of possession with intent to deliver ("PWID") cocaine, possession of cocaine, possession of a small amount of marijuana, and possession of drug paraphernalia.[1] On appeal, he contends the PCRA court erred in denying his petition when the trial court imposed a mandatory minimum sentence violative of the Supreme Court's mandate in

_____

[1] 35 P.S. §§ 780-113(a)(30), (a)(16), (a)(31), and (a)(32), respectively.

*Alleyne v. United States*, 133 S.Ct. 2151 (2013).  For the reasons that follow, we reverse the order of the PCRA court, vacate the judgment of sentence, and remand for resentencing.

The relevant facts and procedural history underlying Laforest's PCRA petition are aptly summarized by the PCRA court as follows:

> In April of 2011, [Laforest] was arrested and charged with possessory drug offenses.  The convictions stemmed from a drug enforcement operation staged by the Monroe County Drug Task Force.  During the operation, a confidential informant conducted a controlled drug buy in a motel room occupied by [Laforest].  After the controlled drug purchase, members of the Task Force obtained and executed a search warrant at the motel room.  Inside the room, the officers found along with [Laforest] crack cocaine, marijuana, packing for drugs, and $1,900.
>
> Prior to trial, [Laforest's] trial attorney moved to suppress the evidence found in the motel room.  The motion was denied by opinion and order dated November 23, 2011.  Subsequently, counsel moved to suppress statements [Laforest] made to task force members.  That motion was also denied.
>
> On January 6, 2012, a jury convicted [Laforest] of [the above-listed offenses].  On March 23, 2012, [Laforest], who had a prior PWID conviction, was sentenced to incarceration of not less than five years nor more than ten years pursuant to the mandatory minimum sentencing provisions of 18 Pa.C.S. Section 7508 which provides:
>
>> **(a) General rule.--**Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:
>>
>> * * *
>>
>> (2) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance or a mixture containing it is classified in Schedule I or Schedule II under section 4 of that act and is a narcotic drug shall, upon conviction, be sentenced to a mandatory

minimum term of imprisonment and a fine as set forth in this subsection:

\* \* \*

(ii) when the aggregate weight of the compound or mixture containing the substance involved is at least ten grams and less than 100 grams; three years in prison and a fine of $15,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: five years in prison and $30,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity[.]

18 Pa.C.S.S. § 7508(a)(2)(ii).

During trial, the Commonwealth presented evidence of the weight of the cocaine. However, the jury was not asked to determine the weight beyond a reasonable doubt. Instead, both factors listed in Section 7508(a)(2)(ii) – weight and prior conviction – were determined by the Court at sentencing.[2]

On April 2, 201[2], [Laforest] filed timely post-sentence motions. He did not raise a sentencing challenge. Instead, he challenged our pre-trial suppression rulings and alleged that we erred in failing to grant a mistrial. On August 23, 2012, [Laforest's] motions were denied.

On September 19, 2012, [Laforest] filed a timely appeal. Again, [Laforest] did not raise a sentencing challenge. Instead, in his sole assignment of error, he again challenged our pre-trial suppression rulings.

PCRA Court Opinion, 2/23/2015, at 1-3.

_____

[2] It is well settled that "the imposition of a mandatory minimum sentence based on a prior conviction is not unconstitutional" under **Alleyne**. **Commonwealth v. Pennybaker**, 121 A.3d 530, 534 (Pa. Super. 2015).

While Laforest's direct appeal was pending before this Court, on June 17, 2013, the United States Supreme Court decided **Alleyne**. Thereafter, on September 5, 2013, a panel of this Court affirmed Laforest's judgment of sentence on direct appeal. **See Commonwealth v. Laforest**, 87 A.3d 373 (Pa. Super. 2013 (unpublished memorandum). Laforest did not petition the Pennsylvania Supreme Court for review, and, accordingly, his judgment of sentence became final on October 7, 2013.[3]

On March 20, 2014, Laforest filed a timely, *pro se* PCRA petition, asserting trial counsel's ineffectiveness with regard to a plea offer. Counsel was appointed, and filed an amended petition on April 24, 2014, challenging, *inter alia*, the legality of Laforest's mandatory minimum sentence under **Alleyne**. As noted above, on February 23, 2015, the PCRA court dismissed Laforest's PCRA petition, and this timely appeal follows.[4]

Laforest's sole issue on appeal asserts the PCRA court erred in denying him relief from an illegal sentence.

> Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

---

[3] The 30th day, October 5, 2013, fell on a Saturday. **See** 1 Pa.C.S. § 1908.

[4] On March 17, 2015, the PCRA court ordered Laforest to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Laforest complied with the court's directive and filed a concise statement on April 2, 2015.

*Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (internal citations omitted).

In *Alleyne*, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 133 S.Ct. at 2155. In applying that mandate, an *en banc* panel of this Court, in *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015), held that *Alleyne* rendered the mandatory minimum sentencing provision at 42 Pa.C.S. § 9712.1, unconstitutional. Section 9712.1, which provides for a five-year mandatory minimum prison term when a defendant possesses or is in close proximity to a firearm while selling illegal drugs, includes a provision that permits the trial court to determine at sentencing whether the elements necessary to increase the mandatory minimum sentence were proven by a preponderance of the evidence. *See* 42 Pa.C.S. § 9712.1(c). The *Newman* Court held that, under *Alleyne*, Section 9712.1 "can no longer pass constitutional muster [because] it permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence" standard. *Newman*, *supra*, 99 A.3d at 98.

Further, the *Newman* Court found the unconstitutional provisions in Section 9712.1 were not severable from the statute as a whole. *See id.* at 101 ("We find Subsections (a) and (c) of Section 9712.1 are essentially and

inseparably connected."). Recently, the Pennsylvania Supreme Court in *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015), applied the same reasoning when it determined that another mandatory minimum sentencing statute, 18 Pa.C.S. § 6317, was unconstitutional under *Alleyne*. The Supreme Court opined:

> In conclusion, we hold … that numerous provisions of Section 6317 are constitutionally infirm under *Alleyne*. Moreover, the remaining provisions of Section 6317, standing alone, are incomplete and are incapable of being vindicated in accord with the intent of the General Assembly. 1 Pa.C.S. § 1925. Because of the significant provisions found to violate the Constitution, which clearly express the intent of the legislature that Section 6317 is a mandatory minimum sentencing statute, and not a substantive offense, we find the remaining unoffending provisions of Section 6317 are incapable of being severed, and we will not judicially usurp the legislative function and rewrite Section 6317 or create a substantive offense which the General Assembly clearly did not desire. Rather, we leave it to our sister branch for an appropriate statutory response to the United States Supreme Court's decision in *Alleyne*.

*Id.* at 262.

The mandatory sentencing statute applied *sub judice*, 18 Pa.C.S. § 7508, contains the same provision as in Sections 6317 and 9712.1, which permits the trial court to make factual determinations at sentencing under the relaxed preponderance of the evidence standard, and which has been found to be unconstitutional under *Alleyne*. Accordingly, since *Alleyne*, when faced with a challenge on **direct appeal** to the imposition of a Section 7508 mandatory minimum sentence, this Court has consistently vacated the sentence and remanded for resentencing. *See Commonwealth v. Caple*, 121 A.3d 511 (Pa. Super. 2015); *Commonwealth v. Mosley*, 114 A.3d

1072 (Pa. Super. 2015); *Commonwealth v. Vargas*, 108 A.3d 858 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015); *Commonwealth v. Cardwell*, 105 A.3d 748 (Pa. Super. 2014), *appeal denied*, 121 A.3d 494 (Pa. 2015).

Moreover, it is also settled that the decision in *Alleyne* does **not** invalidate a mandatory minimum sentence when presented in an untimely PCRA petition. *See Commonwealth v. Miller*, 102 A.3d 988 (Pa. Super. 2014). In concluding *Alleyne* does not satisfy the "newly recognized constitutional right" exception to the PCRA's one-year bar, the *Miller* Court explained:

> Even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases **in which the judgment of sentence had become final**. This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases.

*Id.* at 995 (emphasis supplied). *See also* 42 Pa.C.S. § 9545(b)(1)(iii).

Furthermore, this Court also recently declined to give *Alleyne* retroactive effect to cases on **timely** collateral review when the defendant's judgment of sentence was finalized before *Alleyne* was decided. *See Commonwealth v. Riggle*, 119 A.3d 1058 (Pa. Super. 2015).

In *Riggle*, the defendant's judgment of sentence became final in March of 2012, 15 months before the Supreme Court decided *Alleyne* in

June of 2013.  The defendant filed a timely PCRA petition in December of 2012, and raised an **Alleyne** claim in response to the PCRA court's notice of intent to dismiss the petition.  **See Riggle**, **supra**, 119 A.3d at 1062.

In considering whether **Alleyne** should apply to cases on collateral review, the **Riggle** Court held that while **Alleyne** "undoubtedly is a new constitutional rule," it does not meet the test for retroactive application during collateral review as set forth in the United States Supreme Court's decision, **Teague v. Lane**, 489 U.S. 288 (1989) (*plurality*).  **Riggle**, **supra**, 119 A.3d at 1066.  Specifically, the panel concluded the rule announced in **Alleyne** was neither substantive, nor a "watershed" procedural rule, that is, "necessary to prevent an impermissibly large risk of an inaccurate conviction and alters the understanding of the bedrock procedural elements essential to the fairness of a proceeding."  **Id.**  Therefore, the **Riggle** Court found that because "the fundamental fairness of the trial or sentencing is not seriously undermined, [] **Alleyne** is not entitled to retroactive effect **in this PCRA setting**."  **Id.** at 1067 (emphasis supplied).

Although the case *sub judice* presents a unique procedural backdrop,[5] the PCRA court concluded that Laforest's **Alleyne** claim failed to meet both

---

[5] As will be discussed in more detail *infra*, Laforest's judgment of sentence was not final until **after Alleyne** was decided, which differentiates it from **Riggle**.  Further, Laforest presented his **Alleyne** claim in a timely filed PCRA petition, which differentiates it from **Miller**.

the timeliness and eligibility requirements of the PCRA. *See* PCRA Court Opinion, 2/23/2015, at 12. For the reasons that follow, we disagree.

First, with regard to the timeliness requirements, the PCRA court, relying on *Commonwealth v. Roman*, 730 A.3d 486 (Pa. Super. 1999), *appeal denied*, 747 A.2d 900 (Pa. 1999), concluded that the "after recognized constitutional right" exception did not apply to Laforest's claim because "the right [set forth in *Alleyne*] was created before the time period for filing a PCRA expired and because [Laforest] had ample time to raise the issue in his direct appeal." PCRA Court Opinion, 2/23/2015, at 16. Moreover, the court noted that Laforest did not file a request for relief within 60 days of the date *Alleyne* was filed pursuant to 42 Pa.C.S. § 9545(b)(2). *See id.*

We find, however, the PCRA court's reliance on both *Roman* and the Section 9545 timing requirements, is misplaced for one significant reason — Laforest's PCRA petition was **timely filed** within one year of the date his judgment of sentence became final.

In *Roman*, the defendant was convicted of a violation of the DUI statute, which was declared to be unconstitutional **five days after** the defendant was sentenced. *Roman*, *supra*, 730 A.2d at 487. Nevertheless, the defendant did not file a direct appeal or a PCRA petition until more than one year later, after the statutory period for filing a timely PCRA petition had expired. *Id.* This Court concluded that the defendant was entitled to no relief because (1) the subsection providing an exception for an after-

recognized constitutional right did not apply because the right asserted was not recognized *after* the time for filing a PCRA had expired, and the defendant "has ample time to file either a direct appeal or a timely PCRA petition[;]" and (2) the defendant did not file his petition within 60 days of the date it could have been presented. *Id.* at 488 (emphasis omitted).

Nonetheless, we emphasize that the exceptions set forth at Section 9545(b) apply only when a petitioner seeks to file a PCRA more than one year after the date his or her judgment of sentence becomes final. *See* 42 Pa.C.S. § 9545(b)(1) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves" one of the timeliness exceptions) (emphasis supplied). The same is true for the 60-day filing requirement. The subsection specifically states: "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Laforest filed a timely PCRA petition within one year of the date his judgment of sentence was final. Therefore, neither the applicability of the after-recognized constitutional right exception to the timing requirements, nor the 60-day filing period, is relevant under the facts of this case. Indeed, none of the provisions in Section 9545 hinders our review, since we clearly have jurisdiction to review Laforest's claim.

Second, the PCRA court found that Laforest failed to meet the eligibility requirements of the Act because it found Laforest's ***Alleyne*** challenge was waived. As a preliminary matter, we note Section 9543 of the Act mandates that a petitioner's eligibility for relief is premised upon his ability to "plead and prove," *inter alia*, "[t]hat the allegation of error has not been previously litigated **or waived**." 42 Pa.C.S. § 9543(a)(3) (emphasis supplied). While recognizing that this Court "has unequivocally held that sentencing challenges premised on ***Alleyne*** implicate the legality of the sentence and cannot be waived on appeal[,]" the PCRA court differentiated those decisions because they each involved a direct appeal. PCRA Court Opinion, 2/23/2015, at 16-17, *citing* ***Newman***, ***supra***; ***Commonwealth v. Watley***, 81 A.3d 108 (Pa. Super. 2013) (*en banc*), *appeal denied*, 95 A.3d 277 (Pa. 2014). The court noted that a legality of sentencing claim "may be entertained only if the reviewing court has jurisdiction" and "may be lost if the PCRA petition is *not* timely filed." ***Id.*** at 17 (emphasis in original).

However, in advancing this argument, the PCRA court again ignores the fact that Laforest's petition was timely filed. Therefore, the jurisdictional concerns raised by the court are of no moment. Furthermore, to date, the Pennsylvania Supreme Court has not issued a decision refuting the express holding of our *en banc* Court in ***Newman*** that an ***Alleyne*** challenge

"implicates the legality of the sentence and cannot be waived on appeal."[6]

***Newman***, ***supra***, 99 A.3d at 90.

The PCRA court, nonetheless, attempts to impose an additional roadblock to its review of Laforest's claim by stating that Laforest "had both ample time and ample opportunity to raise his sentencing challenge during the four and a half months between the date ***Alleyne*** was decided and the date his judgment of sentence became final." PCRA Court Opinion, 2/23/2015, at 18. The court insists that Laforest should have followed the actions of the defendants in ***Newman*** and ***Commonwealth v. Munday***, 78 A.3d 661 (Pa. Super. 2013), both of whom sought review of their ***Alleyne*** claims while their cases were still pending on direct appeal.

---

[6] We note that the Supreme Court appeared poised to address this issue when it accepted allocator review in ***Commonwealth v. Johnson***, 93 A.3d 806 (Pa. 2014), and directed the parties to address "[w]hether a challenge to a sentence pursuant to ***Alleyne*** … implicates the legality of the sentence and is therefore non-waivable." However, the Court later dismissed the appeal as improvidently granted. ***See Commonwealth v. Johnson***, 106 A.3d 678 (Pa. 2014). Nevertheless, the Supreme Court has subsequently accepted review of this Court's decision in ***Commonwealth v. Wolfe***, 106 A.3d 800 (Pa. Super. 2014), and framed the issue on appeal as follows:

> Whether the Superior Court of Pennsylvania's *sua sponte* determination that the ten year mandatory minimum sentence for involuntary deviate sexual intercourse (Person less than 16 years) imposed pursuant to 42 Pa.C.S.A. § 9718(a)(1) is facially unconstitutional is erroneous as a matter of law?

***Commonwealth v. Wolfe***, 121 A.3d 433, 434 (Pa. 2015).

Indeed, in **Newman**, the defendant raised the **Alleyne** challenge in a petition for reargument/reconsideration timely filed within 30-days after this Court affirmed his judgment of sentence on direct appeal. **Newman**, **supra**, 99 A.3d at 89. Similarly, in **Munday**, the defendant's attorney alerted this Court to the decision in **Alleyne** during oral argument, and requested permission to file a supplemental brief.[7] **Munday**, **supra**, 78 A.3d at 664. The PCRA court states: "Here, [Laforest] could have used these or similar procedures to raise his **Alleyne** claim during the pendency of his appeal and … [h]is failure to do so is not excused by the fact that he had already filed an appeal brief by the time **Alleyne** was decided." PCRA Court Opinion, 2/23/2015, at 18-19.

However, the PCRA court is attempting to impose a waiver requirement that is neither included in the statute nor mandated by caselaw. The **Newman** Court made clear that an **Alleyne** claim is a non-waivable challenge to the legality of a sentence. Such a claim may be raised on direct appeal, **or** in a timely filed PCRA petition. There is **no requirement** that to preserve a legality of sentence issue that arises while a direct appeal is pending, a defendant must request permission to file a supplemental brief or petition this Court for reargument/reconsideration.

---

[7] The decision in **Alleyne** was filed "only days prior to the submission of [the defendant's appellate] Brief." **Munday**, **supra**, 78 A.3d at 664.

Indeed, in **Newman**, the *en banc* panel held that **Alleyne** constituted a "new law" that "applies to all criminal cases **still pending on direct review**." **Newman**, *supra*, 99 A.3d at 90 (emphasis supplied), *quoting* **Schiro v. Summerlin**, 542 U.S. 348 (2004). Although the procedural posture in the present appeal is different, the fact remains that Laforest's judgment of sentence was "still pending on direct review" when **Alleyne** was decided. **Id.** Further, Laforest properly raised the claim in a timely filed PCRA petition. Therefore, we find the PCRA court erred in concluding Laforest's illegal sentence claim was waived.

The PCRA court, however, provided one final basis for denying relief, namely, "any error in sentencing [Laforest] under Section 7508 was harmless." PCRA Court Opinion, 2/23/2015, at 23. The court explained there was "substantial, uncontradicted evidence" as to the weight of the cocaine seized from Laforest's hotel room, including a written report by a police forensic scientist which was admitted into evidence without objection. **Id.** at 24. Accordingly, the PCRA court concluded "the evidence regarding weight was overwhelming and that the jury would have undoubtedly found that the amount of cocaine fell within the weight range that triggers Section 7508(a)(2)(ii)." **Id.**

This Court has consistently rejected any attempt by the Commonwealth to employ a harmless error analysis to overcome the mandate of **Alleyne**. **See Wolfe**, **supra**, 106 A.3d at 806 (rejecting argument that mandatory minimum statute could be applied because the

jury was required to find the triggering fact, *i.e.*, that the victim was under 16 years of age, in order to convict defendant of underlying crime; "**Newman** stands for the proposition that mandatory minimum sentence statutes in Pennsylvania of this format are void in their entirety."); **Commonwealth v. Cardwell**, 105 A.3d 748, 754 (Pa. Super. 2014) (rejecting argument that Commonwealth proved beyond a reasonable doubt triggering factor for mandatory minimum when "Commonwealth and Appellant entered into a stipulation that the total weight of the PCP in this case was 6.148 grams[;]" **Newman** held the unconstitutional provisions of the statute were not severable), *appeal denied*, 121 A.3d 494 (Pa. 2015).

While we agree with the PCRA court's observation that the **Newman** decision "recognized the applicability of the harmless error doctrine,"[8] the *en banc* panel also determined that the mandatory minimum statute at issue was unconstitutional **as a whole**, and incapable of severance. **Newman**, **supra**, 99 A.3d at 101. The Supreme Court's opinion in **Hopkins** embraces this view:

> It is beyond our province to, in essence, rewrite Section 6317 to transform its sentencing commands, whether by utilizing special verdicts or otherwise, into a new substantive offense, contrary to the express legislative intent to the contrary. Thus, we find the unoffending portions of the statute, standing alone, without a wholesale rewriting, are incomplete and incapable of being vindicated in accord with the legislature's intent. 1 Pa.C.S. § 1925.

---

[8] PCRA Court Opinion, 2/23/2015, at 23, n.9.

- 15 -

*Hopkins*, *supra*, 117 A.3d at 261. Therefore, we reject the PCRA court's harmless error analysis.

Accordingly, because we conclude the PCRA court erred in dismissing Laforest's **Alleyne** challenge to the mandatory minimum sentence imposed by the trial court, we reverse the order denying PCRA relief, vacate the judgment of sentence, and remand for resentencing.

Order reversed. Judgment of sentence vacated. Case remanded for proceedings consistent with this Memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/2015