J-S36040-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOSEPH P. FRANKENBERRY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| COMMONWEALTH OF | : | No. 14 WDA 2020 |
| PENNSYLVANIA, DR. MARSH, | : | |
| SUPERINTENDENT AT S.C.I. | : | |
| BENNER; AND THE ATTORNEY | : | |
| GENERAL OF PENNSYLVANIA | | |

Appeal from the Order Entered December 17, 2019
In the Court of Common Pleas of Fayette County Civil Division at No(s):
2536 of 2019 GD

BEFORE:  OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED AUGUST 19, 2020**

Joseph P. Frankenberry (Frankenberry) appeals from the December 17, 2019 order of the Court of Common Pleas of Fayette County (PCRA court) dismissing his application for writ of *habeas corpus*.  Because his application is properly construed as an untimely petition pursuant to the Post-Conviction Relief Act (PCRA),[1] we affirm.

We briefly recount the procedural history of this case.  In 1981, Frankenberry was convicted following a jury trial of first-degree murder and

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. § 9541 *et seq.*

the following year he was sentenced to life imprisonment. This court affirmed the judgment of sentence in 1984 and in 1985, our Supreme Court denied Frankenberry's petition for allowance of appeal. ***Commonwealth v. Frankenberry***, 778 WDA 2018, at *1 (Pa. Super. April 26, 2019). Since that time, Frankenberry has filed four PCRA petitions. ***Id.*** We affirmed the dismissal of his most recent PCRA petition in 2019 finding that it was untimely. ***Id.*** at *6.

Frankenberry commenced the instant civil action by filing an application for writ of *habeas corpus* in the PCRA court on November 13, 2019. In the application, Frankenberry contended that his sentence was illegal because the sentencing court imposed a sentence of "natural life" in prison, when the statute governing sentences for first-degree murder only authorizes a sentence of life imprisonment. ***See*** 18 Pa.C.S. 1102. He argues that his sentence is illegal because the legislature has never authorized the courts to impose a sentence of "natural life" imprisonment.

On December 17, 2019, the PCRA court dismissed the application with prejudice. On January 2, 2020, Frankenberry timely filed a notice of appeal and he subsequently filed a concise statement in accordance with Pa.R.A.P. 1925(b). The PCRA court filed a responsive statement finding that the dismissal was proper for two independent reasons. First, it found that an application for writ of *habeas corpus* should have been filed in the judicial district where Frankenberry is incarcerated, not the district where he was

convicted. In the alternative, the PCRA court found that Frankenberry sought relief that was cognizable under the PCRA and was subject to that statute's jurisdictional time bar. 42 Pa.C.S. § 9545(b). Noting that Frankenberry's conviction became final in the mid-1980s, the PCRA court concluded the petition was untimely.

On appeal, Frankenberry contends that his sentence was illegal and that the court was not empowered by statute to impose a sentence of "natural life" in prison as opposed to life in prison.

> The phrase 'illegal sentence' is a term of art in Pennsylvania Courts that is applied to three narrow categories of cases. Those categories are: "(1) claims that the sentence fell 'outside of the legal parameters prescribed by the applicable statute'; (2) claims involving merger/double jeopardy; and (3) claims implicating the rule in **Apprendi v. New Jersey**, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)."

**Commonwealth v. Munday**, 78 A.3d 661, 664 (Pa. Super. 2013) (citations omitted). Frankenberry's claim falls within the first category, as he contends that the sentencing statute did not provide the court with the legal authority to impose a sentence of "natural life" in prison.

A court must construe any motion filed after a defendant's judgment of sentence becomes final as a petition filed pursuant to the PCRA. **Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011). We have previously held that an application for writ of *habeas corpus* must be treated as a petition pursuant to the PCRA if it seeks relief cognizable under that statute:

Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus.* Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.

***Commonwealth v. Taylor***, 65 A.3d 462, 465-66 (Pa. Super. 2013) (citations & footnote omitted); ***see also*** 42 Pa.C.S. § 9542 ("The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*."). The PCRA statute provides the only means of relief for a petitioner who raises a challenge to the legality of his sentence after his judgment of sentence has become final. 42 Pa.C.S. §§ 9542 & 9543(a)(2)(vii).

Because Frankenberry's illegal sentencing claim is cognizable under the PCRA, he may only seek relief pursuant to that statute.[2] Thus, we must

---

[2] Frankenberry relies on ***Commonwealth v. Smith***, 194 A.3d 126 (Pa. Super. 2018), to support his argument that his application for writ of *habeas corpus* is not cognizable under the PCRA. However, ***Smith*** is distinguishable. There, the petitioner claimed that 18 Pa.C.S. § 1102 was void for vagueness because the statute did not provide adequate notice that a sentence of life imprisonment for first-degree murder would be a sentence of life without the possibility of parole. ***Id.*** at 135. We concluded that this due process challenge was not cognizable under the PCRA, as the petitioner did not contend that the sentencing court had imposed a sentence above that authorized by statute. ***Id.*** at 137. Because he argued that the legislature had not provided adequate notice of the penalty for first-degree murder when it enacted the sentencing statute, this constitutional claim was not a challenge to the sentencing court's

consider whether the petition is timely.[3] "A PCRA petition, including a second and subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." **Commonwealth v. Graves**, 197 A.3d 1182, 1185 (Pa. Super. 2018) (citation omitted). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). As Frankenberry's sentence became final in 1985 and he did not file the instant petition until November 13, 2019, his petition is facially untimely and he must plead and prove one of the exceptions to the PCRA's timeliness requirements.

> There are three exceptions to the PCRA's jurisdictional time-bar:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

---

authority. **Id.** at 137-38. Here, Frankenberry's petition contends that the sentencing court imposed an illegal sentence by stating on the record at sentencing and in the sentencing order that Frankenberry was to be imprisoned for his "natural life." Thus, he argues that the sentencing court exceeded its authority by imposing a sentence not specifically authorized by statute. This falls within the category of "illegal sentences" for which relief must be sought under the PCRA. **Id.** at 137.

[3] Whether a PCRA petition is timely filed is a question of law over which our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013) (citations omitted).

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  In addition, a PCRA petitioner must present a claimed exception within one year of the date the claim could have been presented.  42 Pa.C.S.A. § 9545(b)(2).

Frankenberry's application did not plead any exceptions to the time bar, as he contends only that his application should not be treated as a petition pursuant to the PCRA.  As Frankenberry has not pled or proven any exceptions to the time bar, we conclude that his petition is untimely.  Because neither the PCRA court nor this court has jurisdiction to consider the merits of an untimely PCRA petition, we affirm the order dismissing the petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/2020